**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ESTATE of DIANE HELEN RAYMOND by the EXECUTOR JOHN T. RAYMOND and JOHN T. RAYMOND, Individually,<br><br>                     Plaintiffs<br><br>        vs.<br><br>AMANDA R. LIEBERMAN, PA-C;<br>ERRIN J. HOFFMAN, M.D.;<br>THE ALLENTOWN SPECIALTY HOSPITAL d/b/a GOOD SHEPHERD SPECIALTY HOSPITAL;<br>LEHIGH VALLEY HOSPITAL, INC.;<br>JOHN DOES, fictitious persons; and<br>ABC CORPORATIONS, fictitious entities,<br><br>                  Defendants. | Civil Action No.  20-CV-<br><br><br><br>**COMPLAINT and JURY DEMAND** |

Plaintiffs, ESTATE of DIANE HELEN RAYMOND by the EXECUTOR JOHN T. RAYMOND and JOHN T. RAYMOND, Individually, by way of this Complaint, allege:

## I.      PARTIES

1.     Plaintiff, JOHN T. RAYMOND, is an adult citizen of the United States, is the duly appointed Executor of the ESTATE of DIANE HELEN RAYMOND, having been appointed by the Hunterdon County Surrogate's Court on June 18, 2019, and at all times relevant herein, has resided at 732 Milford-Mt. Pleasant Road, Holland Township, Hunterdon County, New Jersey, and is acting in his dual capacity as the Executor of the ESTATE of DIANE HELEN RAYMOND, and in his individual capacity as the husband of Decedent, DIANE HELEN RAYMOND, and as such, is expressly authorized by law to bring this action on his behalf and on the Estate's behalf.

1

2.      Defendant, AMANDA R. LIEBERMAN, PA-C, is an adult citizen of the United States and is a Physician Assistant, licensed by the Commonwealth of Pennsylvania, who at all times relevant herein was employed by Defendants, THE ALLENTOWN SPECIALTY HOSPITAL, d/b/a/ GOOD SHEPHERD SPECIALTY HOSPITAL, and/or LEHIGH VALLEY HOSPITAL, INC., and who provided medical care, services and treatment to Plaintiffs' Decedent, DIANE HELEN RAYMOND, at Defendant, THE ALLENTOWN SPECIALTY HOSPITAL, d/b/a/ GOOD SHEPHERD SPECIALTY HOSPITAL, and/or Defendant, LEHIGH VALLEY HOSPITAL, INC.

3.      Defendant, ERRIN J. HOFFMAN, M.D., is an adult citizen of the United States and is Physician, licensed by the Commonwealth of Pennsylvania, who at all times relevant herein was employed by Defendants, THE ALLENTOWN SPECIALTY HOSPITAL, d/b/a/ GOOD SHEPHERD SPECIALTY HOSPITAL, and/or LEHIGH VALLEY HOSPITAL, INC., and who provided medical care, services and treatment to Plaintiffs' Decedent, DIANE HELEN RAYMOND, at Defendant, THE ALLENTOWN SPECIALTY HOSPITAL, d/b/a/ GOOD SHEPHERD SPECIALTY HOSPITAL, and/or Defendant, LEHIGH VALLEY HOSPITAL, INC.

4.      Defendant, THE ALLENTOWN SPECIALTY HOSPITAL, d/b/a/ GOOD SHEPHERD SPECIALTY HOSPITAL (hereinafter "GOOD SHEPHERD"), is a professional business entity, corporation or organization, authorized to provide medical care, services and treatment and related healthcare services through its agents, servants and/or employees, or through independent contractors, all of the same being physicians with various specialties, nurses, nursing assistants, physician assistants and/or others who provide medical care, service and treatment in furtherance of Defendant's business interests, in the Commonwealth of Pennsylvania, with its principal place of business located at 850 South Fifth Street, Allentown, Lehigh County, Pennsylvania.

5.      Defendant, LEHIGH VALLEY HOSPTIAL, INC. (hereinafter "LVH") is a professional business entity, corporation or organization, authorized to provide medical care, services and treatment and related healthcare services through its subsidiaries, affiliates, agents, servants and/or employees, or through independent contractors, all of the same being hospitals, healthcare facilities,

physicians with various specialties, nurses, nursing assistants, physician assistants and/or others who provide medical care, service and treatment in furtherance of Defendant's business interests, in the Commonwealth of Pennsylvania with, its principal place of business located near Interstate Route 78 at 1200 South Cedar Crest Boulevard, Allentown, Lehigh County, Pennsylvania.

## II.    JURISDICTION & VENUE

6.    Jurisdiction of this Court is conferred under 28 U.S.C. §1332(a), by virtue of the Parties' diversity of citizenship and the amount in controversy.

7.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2).

## III.    FACTUAL ALLEGATIONS

8.    At all times relevant herein, Defendants acted individually, collectively, and/or by and through their co-Defendants named herein, and by and through their agents, servants and/or employees, such as physicians with various specialties, nurses, nursing assistants and/or physician assistants, or through independent contractors, all of whom are known to Defendants and are not known to Plaintiffs, and who acted within the course and scope of their employment and in furtherance of their and their fellow Defendants' business and professional interests.

9.    At all times relevant herein, Plaintiffs looked to all Defendants individually, collectively, and/or by and through their co-Defendants named herein, and by and through their agents, servants and/or employees, such as physicians with various specialties, nurses, nursing assistants and/or physician assistants, or through independent contractors for medical diagnosis, medical treatment and medical care relating to the physical injuries and maladies suffered by Plaintiffs' Decedent, DIANE HELEN RAYMOND, which are more particularly described below.

10.    At all times relevant herein, Defendants represented to Plaintiffs, and to the general public, that they were competent and qualified to perform the medical and health care tasks, procedures, services and treatments for which they were licensed and certified by the Commonwealth of Pennsylvania to perform including, but not limited to, general medicine, surgery, trauma surgery, radiology, emergency medicine, geriatric medicine and wound care.

3

11. At all times relevant herein, Defendants were the exclusive medical caretakers and healthcare providers of Plaintiffs' Decedent, DIANE HELEN RAYMOND, and acted individually, collectively, and/or by and through their co-Defendants named herein and by and through their agents, servants and/or employees, such as physicians with various specialties, nurses, nursing assistants, and/or physician assistants, or through independent contractors, all of whom are known to Defendants and are not known to Plaintiffs.

12. At all times relevant herein, Defendants and their agents, servants and/or employees, such as physicians with various specialties, nurses, nursing assistants and/or physician assistants as well as independent contractors, had a legal duty to possess and to exercise the degree of professional skill, care and knowledge ordinarily possessed and exercised by hospitals, specialty hospitals, specialty physicians, nurses, nursing assistants and/or physician assistants within their respective disciplines of medicine.

13. Defendants and their agents, servants and/or employees, such as physicians with various specialties, nurses, nursing assistants and/or physician assistants and independent contractors, are medical professionals and this action is a medical professional liability action. Accordingly, pursuant to controlling law, Plaintiffs' counsel verifies that a licensed medical professional has supplied a written statement to the undersigned that there is a basis to conclude that the skill, care or knowledge exercised or exhibited by Defendants, and their agents, servants and/or employees, such as physicians with various specialties, nurses, nursing assistants, physician assistants and independent contractors, in the treatment, practice, care or work provided to Plaintiffs' Decedent, DIANE HELEN RAYMOND, that is the subject of this Complaint, fell outside acceptable professional standards of skill, care and knowledge and that such conduct was a direct, proximate and legally substantial cause in bringing about the harm to Plaintiffs; and the claim that said Defendants deviated from an acceptable professional standard is based also on allegations that the licensed professionals for whom these Defendants are responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to

conclude that the skill, care or knowledge exercised or exhibited by the licensed professionals in the treatment, practice, care or work that is the subject of this Complaint, fell outside acceptable professional standards and that such conduct was a direct, proximate and legally substantial cause in bringing about the harm to Plaintiffs' Decedent. Said written statement shall be produced in accordance with controlling law.

14.     All Defendants, through their agents, servants and/or employees, such as physicians with various specialties, nurses, nursing assistants and/or physician assistants, or through independent contractors, deviated from accepted professional standards of medical care and treatment as more particularly described below.

15.     On or about March 5, 2018, Plaintiffs' Decedent, DIANE RAYMOND, age seventy-six (76), was admitted to Good Shepherd's Specialty Hospital by Good Shepherd physician Mahesh Krishnamurthy, M.D., from LVH because she was suffering from multiple ailments.

16.     On or about March 7, 2018, Plaintiffs' Decedent, DIANE RAYMOND, was diagnosed with a right pleural effusion, to wit, the accumulation of excessive fluid between the layers of the pleura (membranes) around the right lung. As a result, Good Shepherd or LVH professionals, Carole Rautman, CRNP and Richard J. Stroebel, M.D., co-signed a physician's order for a thoracentesis (hereinafter also identified as "the procedure") to be performed on DIANE RAYMOND to remove the pleural effusion.

17.     After diagnosing DIANE RAYMOND with a pleural effusion, recommending a thoracentesis, and entering a physician's order for the procedure, neither Ms. Rautman, Dr. Stroebel, Defendants herein, their agents, servants and/or employees, nor any other Good Shepherd or LVH healthcare professionals obtained the informed consent to the thoracentesis procedure from either DIANE RAYMOND or her husband, JOHN T. RAYMOND, as required by controlling law. Plaintiffs were not advised of, *inter alia*, the medical necessity of a thoracentesis, the risks of harm to a patient who undergoes a thoracentesis, the benefits of a thoracentesis vis-à-vis the risks of not undergoing the procedure, the likelihood of success of the thoracentesis, the likely complications resulting from the

5

procedure, which healthcare professional would be performing the procedure, the goals of the procedure and/or the post-procedure care and recovery.

18.     On March 8, 2018, at approximately 10:30 a.m., Defendant, AMANDA R. LIEBERMAN, PA-C, performed an ultrasound-guided thoracentesis on DIANE RAYMOND's pleural space around her right lung.

19.     Prior to performing the thoracentesis on DIANE RAYMOND, Defendant, AMANDA R. LIEBERMAN, PA-C, did not speak with Plaintiffs and did not inform Plaintiffs that she would be performing the procedure.

20.     During the thoracentesis, Defendant, AMANDA R. LIEBERMAN, PA-C, did not perform the procedure in a medically-acceptable manner and cut, sliced and otherwise damaged DIANE RAYMOND's liver, veins, arteries and/or other internal organs, and did not recognize and/or acknowledge the same, which caused DIANE RAYMOND to bleed internally resulting in her death less than seven (7) hours later.

21.     On March 8, 2018, at approximately 11:57 a.m., Defendant, AMANDA R. LIEBERMAN, PA-C, prepared a report in which she attested that the procedure was successful and that she discussed the details of the procedure with Ms. Rautman. She failed to note, or to discuss, problems which occurred during the procedure including, but not limited to, her cutting, slicing and otherwise damaging DIANE RAYMOND's liver, veins, arteries and/or other internal organs.

22.     On March 8, 2018, at approximately 1:31 p.m., Defendant, ERRIN J. HOFFMAN, M.D., attested that he had "reviewed the notes, assessments, and/or procedures performed by Amanda Lieberman, PA-C, I concur with her documentation of Diane Raymond."

23.     Upon information and belief, Defendant, ERRIN J. HOFFMAN, M.D., did not speak with Defendant, AMANDA R. LIEBERMAN, PA-C, prior to the procedure, did not speak with Plaintiffs prior to the procedure regarding the risks/rewards of the procedure and how the procedure would take place, did not review Ms. Rautman's or Dr. Stroebel's notes prior to the procedure, did not speak with either Ms. Rautman or Dr. Stroebel prior to the procedure, did not advise Plaintiffs that

Defendant, AMANDA R. LIEBERMAN, PA-C, would be performing the procedure, did not offer to perform the procedure himself, did not attend the procedure, did not assist at the procedure, did not speak with Defendant, AMANDA R. LIEBERMAN, PA-C, post-procedure, did not speak with Plaintiffs post-procedure, did not speak with any Good Shepherd healthcare providers regarding post-procedure protocol and care, and did not participate in DIANE RAYMOND's post-procedure care and recovery.

24.     Upon information and belief, after performing the procedure, Defendant, AMANDA R. LIEBERMAN, PA-C, did not speak with Plaintiffs, did not speak with any Good Shepherd or LVH healthcare professionals, other than Ms. Rautman on one occasion as set forth above, regarding post-procedure care and otherwise did not follow-up with DIANE RAYMOND's care and recovery.

25.     After the thoracentesis was completed, DIANE RAYMOND was placed in the post-procedure care of various Good Shepherd and/or LVH healthcare professionals.

26.     Shortly after the procedure, DIANE RAYMOND demonstrated obvious signs of post-procedure distress which should have been recognized and addressed by Good Shepherd and/or LVH healthcare professionals who were charged with her post-operative care, which signs included, but were not limited to, respiratory distress, abnormal chest x-rays, recurring accumulation of fluid in her pleural cavity, the presence of a hemothorax in the pleural cavity, ascites, lethargy, tachycardia, decreased blood pressure, abdominal pain, hemoperitoneum and a distended abdomen.

27.     At some time after the procedure, believed to be approximately 4:00 p.m., DIANE RAYMOND was transferred between Good Shepherd and LVH in a critical condition. The physicians at LVH immediately recognized DIANE RAYMOND's distress as internal bleeding and prepared to address the problem. Before the physicians were able to act in a medically-appropriate manner, DIANE RAYMOND went into cardiac arrest.

28.     As a result of all of the preceding, Plaintiff, DIANE RAYMOND, died on March 8, 2018, at approximately 5:03 p.m.

29.     From the time she underwent the thoracentesis on March 8, 2018, at approximately 10:30 a.m. until her death at approximately at 5:03 p.m., DIANE RAYMOND incurred great physical, mental and emotional anguish, pain, discomfort and suffering.

30.     LVH attending physician Daniel E. Schwed-Lustgart, M.D. drafted DIANE RAYMOND's discharge summary and concluded that the "clinical picture was consistent with hemorrhagic shock, iatrogenic, after right thoracentesis."

31.     Upon information and belief, iatrogenic is defined as injury or illness caused by medical treatment which is administered inadvertently, carelessly and/or negligently by a medical provider.

32.     Plaintiff, DIANE RAYMOND, suffered her injuries as a direct, proximate and legally substantial result of each of Defendants' and/or their agents, servants and/or employees, such as physicians with various specialties, nurses, nursing assistants and/or physician assistants, or independent contractors', acts, failures to act, commissions and/or omissions either individually and/or jointly.

33.     As a direct, proximate and legally substantial result of Defendants' and/or their agents, servants and/or employees, such as physicians with various specialties, nurses, nursing assistants and/or physician assistants, or through independent contractors', negligence, as more specifically set forth herein this Complaint, individually and/or jointly, Plaintiff, DIANE RAYMOND, suffered permanent serious bodily injury which directly resulted in her death, all of which has been to her great financial loss.

34.     As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, DIANE RAYMOND, suffered great physical pain, discomfort and mental anguish from the time she underwent the thoracentesis until her death, all of which has been to her great financial loss.

8

35.     As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, DIANE RAYMOND, suffered in the form of cosmetic damages from scarring and/or misalignment of bones from the time she underwent the thoracentesis until her death, all of which has been to her great financial loss.

36.     As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs have been compelled to expend large sums of money for medication, medical assistance and other necessary treatments and devices in an effort to restore DIANE RAYMOND's health, all of which has been to their great financial loss.

37.     As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, DIANE RAYMOND, had been unable to pursue and to enjoy the usual activities of the life of an individual of Plaintiff's age and had suffered a loss of enjoyment of life, loss of life expectancy, loss of happiness and loss of the pleasures of life, all of which has been to her great financial loss.

38.     As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, DIANE RAYMOND, in the future, will be unable to pursue and to enjoy the usual activities of life of an individual of Plaintiff's age and will suffer a loss of enjoyment of life, loss of life expectancy, loss of happiness and loss of the pleasures of life throughout the remainder of her life, all of which will have been to her great financial loss.

39.     As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, DIANE RAYMOND, was caused to suffer all of her injuries and damages more fully set forth at length herein this Complaint.

40.     As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, JOHN T. RAYMOND, has been denied the services, fellowship and consortium of his wife, DIANE RAYMOND, from March 8, 2018, until the present, all of which has been to his great financial loss.

41.     As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, JOHN T. RAYMOND, will continue to be denied the services, fellowship and consortium of his wife, DIANE RAYMOND, all of which will be to his great financial loss.

## IV.     CLAIMS FOR RELIEF

### COUNT ONE
### (ESTATE v. LIEBERMAN)
### (NEGLIGENCE)

42.     Plaintiffs, ESTATE of DIANE HELEN RAYMOND by the EXECUTOR JOHN T. RAYMOND and JOHN T. RAYMOND, Individually, incorporate by reference paragraphs one through forty-one above as though fully set forth at length herein.

43.     The aforesaid injuries and damages suffered by Plaintiffs, as more fully set forth herein, were caused by the negligence, carelessness, commissions, omissions, acts and/or failures to act of Defendant, AMANDA R. LIEBERMAN, PA-C, in that she, acting individually, collectively, and/or by and through her co-Defendants named herein and by and through their agents, servants and/or employees, who are more particularly described herein, and who were acting within the course and scope of their employment, or through independent contractors, *inter alia*:

(a)     failed to properly treat Plaintiffs' Decedent, DIANE RAYMOND, for various physical injuries and maladies, including but not limited to, a pleural effusion, when this Defendant knew, or should have known, that failure to properly treat said condition would lead to a worsening of Plaintiff, DIANE RAYMOND's, condition and ultimately her death;

(b)     did not perform the thoracentesis in a medically-acceptable manner and cut, sliced and otherwise damaged Plaintiffs' Decedent, DIANE RAYMOND's, liver, veins, arteries and/or other internal organs, and did not recognize and/or acknowledge the same, which caused Plaintiffs' Decedent, DIANE RAYMOND, to bleed internally resulting in her death less than seven (7) hours later;

10

(c)     did not speak with Plaintiffs prior to the procedure regarding the risks/rewards of the procedure and how the procedure would take place, thereby not obtaining Plaintiffs' consent to the procedure;

(d)     did not review Ms. Rautman's or Dr. Stroebel's notes prior to the procedure;

(e)     did not speak with either Ms. Rautman or Dr. Stroebel prior to the procedure;

(f)     did not advise Plaintiffs that she would be performing the procedure;

(g)     did not speak with any Good Shepherd and/or LVH healthcare providers regarding post-procedure protocol and care;

(h)     did not participate in Plaintiffs' Decedent, DIANE RAYMOND's, post-procedure care and recovery;

(i)     failed to recognize and to diagnose Plaintiffs' Decedent, DIANE RAYMOND, with post-procedure complications due to cutting, slicing and otherwise damaging DIANE RAYMOND's liver, veins, arteries and/or other internal organs, and failed to treat same when this Defendant knew, or should have known, that failure to do so would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

(j)     treated Plaintiffs' Decedent, DIANE RAYMOND, without regard to the nature and the severity of her physical injury when this Defendant knew, or should have known, that failure to do so would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

(k)     failed to make a proper and adequate diagnosis of Plaintiffs' Decedent, DIANE RAYMOND's, condition, by acting or failing to act aforesaid, which said failure Defendant knew, or should have known, would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

(l)     failed to provide Plaintiffs' Decedent, DIANE RAYMOND, with proper medical care and treatment as required given her condition as more particularly stated above, which failure to provide the proper medical care and treatment, this Defendant knew, or should have known, would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

(m)     failed to require the administration of the tests, examinations, medical treatments, medicines, and procedures necessary in order to analyze and to diagnose Plaintiffs' Decedent, DIANE RAYMOND's, conditions properly as aforesaid which failure this Defendant knew, or should have known, would lead to a worsening of Plaintiff, DIANE RAYMOND's, condition and ultimately her death;

(n)     failed to possess that degree of skill, care and knowledge and experience ordinarily exercised and possessed by the average qualified physician assistant taking into account the existing state of knowledge and practice of medicine during the care and treatment of Plaintiffs' Decedent, DIANE RAYMOND, which this Defendant knew, or should have known, would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death; and

(o)     failed to order and to conduct the follow-up tests, examinations, medical treatments, medicines, and procedures to diagnose and to treat Plaintiffs' Decedent, DIANE RAYMOND, which this Defendant knew, or should have known, would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition.

44.     As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs' Decedent, DIANE RAYMOND, was caused to suffer injuries to her body which ultimately lead to her death.

45.     As a direct, proximate and legally substantial result of the above-described occurrence, and injuries sustained thereby, Plaintiffs' Decedent, DIANE RAYMOND, suffered physical pain, mental anguish, depression, fear, anxiety, humiliation, and embarrassment, which led to her death, all to her great loss.

46.     As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs' Decedent, DIANE RAYMOND, has been unable to engage in her customary domestic, social and recreational activities and in life's other pleasures, all to her great loss and detriment.

47.     The aforesaid acts of negligence, carelessness, commissions, omissions, acts and/or failures to act created a risk of harm, and ultimately caused death, to Plaintiffs' Decedent, DIANE RAYMOND.

WHEREFORE, Plaintiff, ESTATE of DIANE HELEN RAYMOND by the EXECUTOR JOHN T. RAYMOND, respectfully requests that:

(a)     This Court award Plaintiffs compensatory damages in an amount to be proved at trial;

(b)     This Court award Plaintiffs Estate reasonable attorney's fees and costs of suit; and

(c)     This Court award such other and further relief as this Court deems just and equitable.

## COUNT TWO

### (ESTATE v. HOFFMAN)
### (NEGLIGENCE/VICARIOUS LIABILITY/RESPONDENT SUPERIOR)

48.     Plaintiffs, ESTATE of DIANE HELEN RAYMOND by the EXECUTOR JOHN T. RAYMOND and JOHN T. RAYMOND, Individually, incorporate by reference paragraphs one through forty-seven above as though fully set forth at length herein.

49.     The aforesaid injuries and damages suffered by Plaintiffs, as more fully set forth herein, were caused by the negligence, carelessness, commissions, omissions, acts and/or failures to act of Defendant, ERRIN J. HOFFMAN, M.D., in that he, acting individually, collectively, and/or by and through his co-Defendants named herein and by and through their agents, servants and/or

13

employees, who are more particularly described herein, and who were acting within the course and scope of their employment, or through independent contractors, *inter alia*:

(a)     failed to properly treat Plaintiffs' Decedent, DIANE RAYMOND, for various physical injuries and maladies, including but not limited to, a pleural effusion, when this Defendant knew, or should have known, that failure to properly treat said condition would lead to a worsening of Plaintiff, DIANE RAYMOND's, condition and ultimately her death;

(b)     allowed Defendant, AMANDA R. LIEBERMAN, PA-C, to perform the thoracentesis in a manner which was not medically-acceptable and which cut, sliced and otherwise damaged Plaintiffs' Decedent, DIANE RAYMOND's, liver, veins, arteries and/or other internal organs, and did not recognize and/or acknowledge the same, which caused DIANE RAYMOND to bleed internally resulting in her death less than seven (7) hours post-procedure;

(c)     did not speak with Plaintiffs prior to the procedure regarding the risks/rewards of the procedure and how the procedure would take place;

(d)     did not review Ms. Rautman's or Dr. Stroebel's notes prior to the procedure;

(e)     did not speak with either Ms. Rautman or Dr. Stroebel prior to the procedure;

(f)     did not advise Plaintiffs that he would not be performing the procedure and that Defendant, AMANDA R. LIEBERMAN, PA-C, would be performing the procedure;

(g)     did not speak with any Good Shepherd and/or LVH healthcare providers regarding post-procedure protocol and care;

(h)     did not participate in Plaintiff's Decedent, DIANE RAYMOND's, post-procedure care and recovery;

14

(i) failed to recognize and to diagnose Plaintiffs' Decedent, DIANE RAYMOND, with post-procedure complications due to cutting, slicing and otherwise damaging DIANE RAYMOND's liver, veins, arteries and/or other internal organs, and failed to treat same when this Defendant knew, or should have known, that failure to do so would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

(j) treated Plaintiffs' Decedent, DIANE RAYMOND, without regard to the nature and the severity of her physical injury when this Defendant knew, or should have known, that failure to do so would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

(k) failed to make a proper and adequate diagnosis of Plaintiffs' Decedent, DIANE RAYMOND's, condition, by acting or failing to act aforesaid, which said failure Defendant knew, or should have known, would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

(l) failed to provide Plaintiffs' Decedent, DIANE RAYMOND, with proper medical care and treatment as required given her condition as more particularly stated above, which failure to provide the proper medical care and treatment, this Defendant knew, or should have known, would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

(m) failed to require the administration of the tests, examinations, medical treatments, medicines, and procedures necessary in order to analyze and to diagnose Plaintiffs' Decedent, DIANE RAYMOND's, conditions properly as aforesaid which failure this Defendant knew, or should have known, would lead to a worsening of Plaintiff, DIANE RAYMOND's, condition and ultimately her death;

(n)     failed to possess that degree of skill, care and knowledge and experience ordinarily exercised and possessed by the average qualified physician taking into account the existing state of knowledge and practice of medicine during the care and treatment of Plaintiffs' Decedent, DIANE RAYMOND, which this Defendant knew, or should have known, would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death; and

(o)     failed to order and to conduct the follow-up tests, examinations, medical treatments, medicines, and procedures to diagnose and to treat Plaintiffs' Decedent, DIANE RAYMOND, which this Defendant knew, or should have known, would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

(p)     failed to order diagnostic tests, like x-rays, CT scans and MRIs, to determine the nature and the severity of Plaintiffs' Decedent, DIANE RAYMOND's, post-procedure complications when this Defendant knew, or should have known, that said diagnostic test results were necessary to treat Plaintiffs' Decedent, DIANE RAYMOND, and that failure to do so would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

(q)     failed to train, to educate, to supervise and/or to control, for Plaintiffs' Decedent, DIANE RAYMOND's, care in her condition, Defendant, AMANDA R. LIEBERMAN, PA-C, when this Defendant knew, or should have known, that failure to do so would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

(r)     failed to make a proper and adequate diagnosis of Plaintiffs' Decedent, DIANE RAYMOND's, condition, by acting or failing to act aforesaid, which said failure Defendant knew, or should have known, would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

      (s)     failed to provide Plaintiffs' Decedent, DIANE RAYMOND, with proper medical care and treatment as required for Plaintiffs' Decedent, DIANE RAYMOND, given her condition as more particularly stated above, which failure to provide the proper medical care and treatment, this Defendant knew, or should have known, would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

      (t)     failed to require the administration of the tests, examinations, medical treatments, medicines, and procedures necessary in order to analyze and to diagnose Plaintiffs' Decedent, DIANE RAYMOND's conditions properly as aforesaid which failure this Defendant knew, or should have known, would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

      (u)     failed to properly supervise Defendant, AMANDA R. LIEBERMAN, PA-C, in the performance of the thoracentesis on Plaintiffs' Decedent, DIANE RAYMOND.

50.     As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs' Decedent, DIANE RAYMOND, was caused to suffer injuries to her body which ultimately lead to her death.

51.     As a direct, proximate and legally substantial result of the above-described occurrence, and injuries sustained thereby, Plaintiffs' Decedent, DIANE RAYMOND, suffered physical pain, mental anguish, depression, fear, anxiety, humiliation, and embarrassment, which led to her death, all to her great loss.

52.     As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs' Decedent, DIANE RAYMOND, has been unable to engage in her customary domestic, social and recreational activities and in life's other pleasures, all to her great loss and detriment.

Case 5:20-cv-00959-EGS   Document 1   Filed 02/21/20   Page 18 of 75

53.    The aforesaid acts of negligence, carelessness, commissions, omissions, acts and/or failures to act created a risk of harm, and ultimately death, to Plaintiffs' Decedent, DIANE RAYMOND.

WHEREFORE, Plaintiff, ESTATE of DIANE HELEN RAYMOND by the EXECUTOR JOHN T. RAYMOND, respectfully requests that:

    (a)    This Court award Plaintiffs compensatory damages in an amount to be proved at trial;

    (b)    This Court award Plaintiffs reasonable attorney's fees and costs of suit; and

    (c)    This Court award such other and further relief as this Court deems just and equitable.

### COUNT THREE

### (ESTATE v. GOOD SHEPHERD)
### (NEGLIGENCE/OSTENSIBLE AGENCY)
### (40 Pa.S.C. §1303.516)

54.    Plaintiffs, ESTATE of DIANE HELEN RAYMOND by the EXECUTOR JOHN T. RAYMOND and JOHN T. RAYMOND, Individually, incorporate by reference paragraphs one through fifty-three above as though fully set forth at length herein.

55.    On March 8, 2018, Plaintiffs looked to Defendant, GOOD SHEPHERD, for medical care and treatment which Plaintiffs' Decedent, DIANE RAYMOND, required, without regard to and without request for, a specific physician, nurse, nursing assistant and/or physician assistant or a specific medical discipline to care for her, but rather relied upon the expertise of Defendant, GOOD SHEPHERD, to render care to Plaintiffs' Decedent, DIANE RAYMOND, and to choose the appropriate physicians, nurses, nursing assistants and physician assistants to render care to her given the medical condition which she presented on this date.

56.    The aforesaid injuries and damages more fully set forth herein were caused by the negligence, carelessness, commissions, omissions, acts and/or failures to act of Defendant, GOOD SHEPHERD, in that it, acting individually and/or by and through its agents, servants, and/or employees, who were acting within the course and scope of their employment, or through independent contractors, *inter alia*, did:

18

(a)     fail to provide to Plaintiffs' Decedent, DIANE RAYMOND, with the physicians, nurses, nursing assistants and/or physician assistants, with the requisite knowledge, education, training, experience, expertise and/or specialties normally provided by a specialty hospital which holds itself out to the public to provide specialty medical services;

(b)     fail to advise Plaintiffs that it lacked the physicians, nurses, nursing assistants and/or physician assistants, with the requisite knowledge, education, training, experience, expertise and/or specialties to address all medical issues including the one Plaintiffs' Decedent, DIANE RAYMOND, presented on this date; and

(c)     represent to the public in general, and to Plaintiffs in particular, that it employed the physicians, nurses, nursing assistants and/or physician assistants, with the requisite knowledge, education, training, experience, expertise and/or specialties to address all medical situations including the one Plaintiffs' Decedent, DIANE RAYMOND, presented on this date.

57.     As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs' Decedent, DIANE RAYMOND, was caused to suffer physical injuries which directly resulted in her death.

58.     As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs have been obliged to expend various and diverse sums of money for medicine and medical treatment in an effort to cure the above injuries of Plaintiffs' Decedent, DIANE RAYMOND, all to their great loss and detriment.

59.     As a direct, proximate and legally substantial result of the above-described occurrence, and injuries sustained thereby, Plaintiffs' Decedent, DIANE RAYMOND, has suffered physical pain, mental anguish, depression, fear, anxiety, humiliation, and embarrassment which ultimately lead to her death, all to her great loss and detriment.

60.     As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs' Decedent, DIANE RAYMOND, has been unable to engage in her customary domestic, social and recreational activities and in life's other pleasures as a result of her death, all to her great loss and detriment.

61.     The aforesaid acts of negligence, carelessness, commissions, omissions, acts and/or failures to act created a risk of harm, and ultimately death, to Plaintiffs' Decedent, DIANE RAYMOND.

62.     As a direct, proximate and legally substantial result of the above-described occurrence, a cause of action lies in favor of Plaintiffs for compensatory damages pursuant to 40 Pa.C.S. §1303.516, and controlling law.

WHEREFORE, Plaintiff, ESTATE of DIANE HELEN RAYMOND by the EXECUTOR JOHN T. RAYMOND, respectfully requests that:

(a)     This Court award Plaintiffs compensatory damages in an amount to be proved at trial;

(b)     This Court award Plaintiffs reasonable attorney's fees and costs of suit; and

(c)     This Court award such other and further relief as this Court deems just and equitable.

### COUNT FOUR

**(ESTATE v. LVH)**
**(NEGLIGENCE/OSTENSIBLE AGENCY)**
**(40 Pa.S.C. §1303.516)**

63.     Plaintiffs, ESTATE of DIANE HELEN RAYMOND by the EXECUTOR JOHN T. RAYMOND and JOHN T. RAYMOND, Individually, incorporate by reference paragraphs one through sixty-two above as though fully set forth at length herein.

64.     On March 8, 2018, Plaintiffs looked to Defendant, LVH, for medical care and treatment which Plaintiffs' Decedent, DIANE RAYMOND, required, without regard to and without request for, a specific physician, nurse, nursing assistant and/or physician assistant or a specific medical discipline to care for her, but rather relied upon the expertise of Defendant, LVH, to render care to Plaintiffs' Decedent, DIANE RAYMOND, and to choose the appropriate physicians, nurses,

nursing assistants and physician assistants to render care to her given the medical condition which she presented on this date.

65.     The aforesaid injuries and damages more fully set forth herein were caused by the negligence, carelessness, commissions, omissions, acts and/or failures to act of Defendant, GOOD SHEPHERD, in that it, acting individually and/or by and through its agents, servants, and/or employees, who were acting within the course and scope of their employment, or through independent contractors, *inter alia*, did:

(a)     fail to provide to Plaintiffs' Decedent, DIANE RAYMOND, with the physicians, nurses, nursing assistants and/or physician assistants, with the requisite knowledge, education, training, experience, expertise and/or specialties normally provided by a full service hospital which holds itself out to the public to provide complete medical services;

(b)     fail to advise Plaintiffs that it lacked the physicians, nurses, nursing assistants and/or physician assistants, with the requisite knowledge, education, training, experience, expertise and/or specialties to address all medical issues including the one Plaintiffs' Decedent, DIANE RAYMOND, presented on this date; and

(c)     represent to the public in general, and to Plaintiffs in particular, that it employed the physicians, nurses, nursing assistants and/or physician assistants, with the requisite knowledge, education, training, experience, expertise and/or specialties to address all medical situations including the one Plaintiffs' Decedent, DIANE RAYMOND, presented on this date.

66.     As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs' Decedent, DIANE RAYMOND, was caused to suffer physical injuries which directly resulted in her death.

21

67.     As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs have been obliged to expend various and diverse sums of money for medicine and medical treatment in an effort to cure the above injuries of Plaintiffs' Decedent, DIANE RAYMOND, all to their great loss and detriment.

68.     As a direct, proximate and legally substantial result of the above-described occurrence, and injuries sustained thereby, Plaintiffs' Decedent, DIANE RAYMOND, has suffered physical pain, mental anguish, depression, fear, anxiety, humiliation, and embarrassment which ultimately lead to her death, all to her great loss and detriment.

69.     As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs' Decedent, DIANE RAYMOND, has been unable to engage in her customary domestic, social and recreational activities and in life's other pleasures as a result of her death, all to her great loss and detriment.

70.     The aforesaid acts of negligence, carelessness, commissions, omissions, acts and/or failures to act created a risk of harm, and ultimately death, to Plaintiffs' Decedent, DIANE RAYMOND.

71.     As a direct, proximate and legally substantial result of the above-described occurrence, a cause of action lies in favor of Plaintiffs for compensatory damages pursuant to 40 Pa.C.S. §1303.516, and controlling law.

WHEREFORE, Plaintiff, ESTATE of DIANE HELEN RAYMOND by the EXECUTOR JOHN T. RAYMOND, respectfully requests that:

(a)     This Court award Plaintiffs compensatory damages in an amount to be proved at trial;

(b)     This Court award Plaintiffs reasonable attorney's fees and costs of suit; and

(c)     This Court award such other and further relief as this Court deems just and equitable.

22

## COUNT FIVE

### (ESTATE v. LIEBERMAN)
### (BATTERY)
### (40 Pa.S.C. §1303.504)

72.    Plaintiffs, ESTATE of DIANE HELEN RAYMOND by the EXECUTOR JOHN T. RAYMOND and JOHN T. RAYMOND, Individually, incorporate by reference paragraphs one through seventy-one above as though fully set forth at length herein.

73.    The aforesaid injuries and damages suffered by Plaintiffs as more fully set forth herein were caused by the intentional commissions, omissions, acts and/or failures to act of Defendant, AMANDA R. LIEBERMAN, PA-C, in that she, acting individually, collectively, and/or by and through her co-Defendants named herein and by and through their agents, servants and/or employees, who are more particularly described herein, and who were acting within the course and scope of their employment, or through independent contractors, did knowingly, intentionally, purposefully, wantonly and maliciously batter Plaintiffs' Decedent, DIANE RAYMOND, by, *inter alia*:

   (a)    not advising Plaintiffs that she would be performing the thoracentesis; and

   (b)    not speaking with Plaintiffs prior to the thoracentesis regarding the risks/rewards of the procedure and how the procedure would take place.

74.    The aforesaid failure of Defendant, AMANDA R. LIEBERMAN, PA-C, to inform Plaintiffs prohibited Plaintiffs from making an informed decision whether to undergo the procedure.

75.    The aforesaid failure of Defendant, AMANDA R. LIEBERMAN, PA-C, to inform Plaintiffs would have been a substantial factor in a decision by Plaintiffs whether to permit the procedure to take place.

76.    As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs' Decedent, DIANE RAYMOND, has been unable to engage in her customary domestic, social and recreational activities and in life's other pleasures as a result of her death, all to her great loss and detriment.

77.     The aforesaid acts of negligence, carelessness, commissions, omissions, acts and/or failures to act created a risk of harm, and ultimately death, to Plaintiffs' Decedent, DIANE RAYMOND.

78.     As a direct, proximate and legally substantial result of the above-described occurrence, a cause of action lies in favor of Plaintiffs for compensatory damages pursuant to 40 Pa.C.S. §1303.504, and controlling law.

WHEREFORE, Plaintiff, ESTATE of DIANE HELEN RAYMOND by the EXECUTOR JOHN T. RAYMOND, respectfully requests that:

(a)     This Court award Plaintiffs compensatory damages in an amount to be proved at trial;

(b)     This Court award Plaintiffs reasonable attorney's fees and costs of suit; and

(c)     This Court award such other and further relief as this Court deems just and equitable.

## COUNT SIX

### (ESTATE v. HOFFMAN)
### (BATTERY/VICARIOUS LIABILITY/RESPONDENT SUPERIOR)
### (40 Pa.S.C. §1303.504)

79.     Plaintiffs, ESTATE of DIANE HELEN RAYMOND by the EXECUTOR JOHN T. RAYMOND and JOHN T. RAYMOND, Individually, incorporate by reference paragraphs one through seventy-eight above as though fully set forth at length herein.

80.     The aforesaid injuries and damages suffered by Plaintiffs as more fully set forth herein were caused by the intentional commissions, omissions, acts and/or failures to act of Defendant, ERRIN J. HOFFMAN, M.D., in that he, acting individually, collectively, and/or by and through his co-Defendants named herein and by and through their agents, servants and/or employees, who are more particularly described herein, and who were acting within the course and scope of their employment, or through independent contractors, did knowingly, intentionally, purposefully, wantonly and maliciously batter Plaintiffs' Decedent, DIANE RAYMOND, by, *inter alia*:

24

(a)     not advising Plaintiffs that he would not be performing the thoracentesis;

(b)     not advising Plaintiffs that Defendant, AMANDA R. LIEBERMAN, PA-C, would be performing the procedure;

(c)     not speaking with Plaintiffs prior to the procedure regarding the risks/rewards of the procedure and how the procedure would take place; and

(d)     not properly supervising Defendant, AMANDA R. LIEBERMAN, PA-C, in the performance of the thoracentesis on Plaintiffs' Decedent, DIANE RAYMOND.

81.     The aforesaid failure of Defendant, ERRIN J. HOFFMAN, M.D., to inform Plaintiffs prohibited Plaintiffs from making an informed decision whether to undergo the procedure.

82.     The aforesaid failure of Defendant, ERRIN J. HOFFMAN, M.D., to inform Plaintiffs would have been a substantial factor in a decision by Plaintiffs whether to permit the procedure to take place.

83.     As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs' Decedent, DIANE RAYMOND, has been unable to engage in her customary domestic, social and recreational activities and in life's other pleasures as a result of her death, all to her great loss and detriment.

84.     The aforesaid acts of negligence, carelessness, commissions, omissions, acts and/or failures to act created a risk of harm, and ultimately death, to Plaintiffs' Decedent, DIANE RAYMOND.

85.     As a direct, proximate and legally substantial result of the above-described occurrence, a cause of action lies in favor of Plaintiffs for compensatory damages pursuant to 40 Pa.C.S. §1303.504, and controlling law.

WHEREFORE, Plaintiff, ESTATE of DIANE HELEN RAYMOND by the EXECUTOR JOHN T. RAYMOND, respectfully requests that:

(a)     This Court award Plaintiffs compensatory damages in an amount to be proved at trial;

(b)     This Court award Plaintiffs reasonable attorney's fees and costs of suit; and

(c)     This Court award such other and further relief as this Court deems just and equitable.

## COUNT SEVEN

### (ESTATE v. GOOD SHEPHERD)
### (BATTERY/OSTENSIBLE AGENCY)
### (40 Pa.S.C. §1303.504)
### &
### (40 Pa.S.C. §1303.516)

86.     Plaintiffs, ESTATE of DIANE HELEN RAYMOND by the EXECUTOR JOHN T. RAYMOND and JOHN T. RAYMOND, Individually, incorporate by reference paragraphs one through eighty-five above as though fully set forth at length herein.

87.     On March 8, 2018, Plaintiffs looked to Defendant, GOOD SHEPHERD, for medical care and treatment which Plaintiffs' Decedent, DIANE RAYMOND, required, without regard to and without request for, a specific physician, nurse, nursing assistant and/or physician assistant or a specific medical discipline to care for her, but rather relied upon the expertise of Defendant, GOOD SHEPHERD, to render care to Plaintiffs' Decedent, DIANE RAYMOND, and to choose the appropriate physicians, nurses, nursing assistants and physician assistants to render care to her given the condition which she presented on this date.

88.     The aforesaid injuries and damages more fully set forth herein were caused by the intentional commissions, omissions, acts and/or failures to act of Defendant, GOOD SHEPHERD, in that it, acting individually and/or by and through its agents, servants, and/or employees, who were acting within the course and scope of their employment, or through independent contractors, *inter alia*, did:

26

(a)     fail to provide to Plaintiffs' Decedent, DIANE RAYMOND, with the physicians, nurses, nursing assistants and/or physician assistants, with the requisite knowledge, education, training, experience, expertise and/or specialties normally provided by a full service hospital that holds itself out to the public to provide complete medical services;

(b)     fail to advise Plaintiffs that it lacked the physicians, nurses, nursing assistants and/or physician assistants, with the requisite knowledge, education, training, experience, expertise and/or specialties to address all medical issues including the one Plaintiffs' Decedent, DIANE RAYMOND, presented on this date; and

(c)     represent to the public in general, and to Plaintiffs in particular, that it employed the physicians, nurses, nursing assistants and/or physician assistants, with the requisite knowledge, education, training, experience, expertise and/or specialties to address all medical situations including the one Plaintiffs' Decedent, DIANE RAYMOND, presented on this date.

89.     As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs' Decedent, DIANE RAYMOND, was caused to suffer physical injuries which directly resulted in her death.

90.     As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs have been obliged to expend various and diverse sums of money for medicine and medical treatment in an effort to cure the above injuries of Plaintiffs' Decedent, DIANE RAYMOND, all to their great loss and detriment.

91.     As a direct, proximate and legally substantial result of the above-described occurrence, and injuries sustained thereby, Plaintiffs' Decedent, DIANE RAYMOND, has suffered physical pain, mental anguish, depression, fear, anxiety, humiliation, and embarrassment which ultimately lead to her death, all to her great loss and detriment.

27

92.     As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs' Decedent, DIANE RAYMOND, has been unable to engage in her customary domestic, social and recreational activities and in life's other pleasures as a result of her death, all to her great loss and detriment.

93.     The aforesaid acts of negligence, carelessness, commissions, omissions, acts and/or failures to act created a risk of harm, and ultimately death, to Plaintiffs' Decedent, DIANE RAYMOND.

94.     As a direct, proximate and legally substantial result of the above-described occurrence, a cause of action lies in favor of Plaintiffs for compensatory damages pursuant to 40 Pa.C.S. §1303.516 and 40 Pa.C.S. §1303.504, and controlling law.

WHEREFORE, Plaintiff, ESTATE of DIANE HELEN RAYMOND by the EXECUTOR JOHN T. RAYMOND, respectfully requests that:

(a)     This Court award Plaintiffs compensatory damages in an amount to be proved at trial;

(b)     This Court award Plaintiffs reasonable attorney's fees and costs of suit; and

(c)     This Court award such other and further relief as this Court deems just and equitable.

## COUNT EIGHT

### (ESTATE v. LVH)
### (BATTERY/OSTENSIBLE AGENCY)
### (40 Pa.S.C. §1303.504)
### &
### (40 Pa.S.C. §1303.516)

95.     Plaintiffs, ESTATE of DIANE HELEN RAYMOND by the EXECUTOR JOHN T. RAYMOND and JOHN T. RAYMOND, Individually, incorporate by reference paragraphs one through ninety-four above as though fully set forth at length herein.

96.     On March 8, 2018, Plaintiffs looked to Defendant, LVH, for medical care and treatment which Plaintiffs' Decedent, DIANE RAYMOND, required, without regard to and without request for, a specific physician, nurse, nursing assistant and/or physician assistant or a specific medical discipline to care for her, but rather relied upon the expertise of Defendant, LVH, to render

28

care to Plaintiffs' Decedent, DIANE RAYMOND, and to choose the appropriate physicians, nurses, nursing assistants and physician assistants to render care to her given the condition which she presented on this date.

97.     The aforesaid injuries and damages more fully set forth herein were caused by the intentional commissions, omissions, acts and/or failures to act of Defendant, LVH, in that it, acting individually and/or by and through its agents, servants, and/or employees, who were acting within the course and scope of their employment, or through independent contractors, *inter alia*, did:

(a)     fail to provide to Plaintiffs' Decedent, DIANE RAYMOND, with the physicians, nurses, nursing assistants and/or physician assistants, with the requisite knowledge, education, training, experience, expertise and/or specialties normally provided by a full service hospital that holds itself out to the public to provide complete medical services;

(b)     fail to advise Plaintiffs that it lacked the physicians, nurses, nursing assistants and/or physician assistants, with the requisite knowledge, education, training, experience, expertise and/or specialties to address all medical issues including the one Plaintiffs' Decedent, DIANE RAYMOND, presented on this date; and

(c)     represent to the public in general, and to Plaintiffs in particular, that it employed the physicians, nurses, nursing assistants and/or physician assistants, with the requisite knowledge, education, training, experience, expertise and/or specialties to address all medical situations including the one Plaintiffs' Decedent, DIANE RAYMOND, presented on this date.

98.     As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs' Decedent, DIANE RAYMOND, was caused to suffer physical injuries which directly resulted in her death.

99.     As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs have been obliged to expend various and diverse sums of money for medicine and medical treatment in an effort to cure the above injuries of Plaintiffs' Decedent, DIANE RAYMOND, all to their great loss and detriment.

100.    As a direct, proximate and legally substantial result of the above-described occurrence, and injuries sustained thereby, Plaintiffs' Decedent, DIANE RAYMOND, has suffered physical pain, mental anguish, depression, fear, anxiety, humiliation, and embarrassment which ultimately lead to her death, all to her great loss and detriment.

101.    As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs' Decedent, DIANE RAYMOND, has been unable to engage in her customary domestic, social and recreational activities and in life's other pleasures as a result of her death, all to her great loss and detriment.

102.    The aforesaid acts of negligence, carelessness, commissions, omissions, acts and/or failures to act created a risk of harm, and ultimately death, to Plaintiffs' Decedent, DIANE RAYMOND.

103.    As a direct, proximate and legally substantial result of the above-described occurrence, a cause of action lies in favor of Plaintiffs for compensatory damages pursuant to 40 Pa.C.S. §1303.516, and 40 Pa.C.S. §1303.504, and controlling law.

WHEREFORE, Plaintiff, ESTATE of DIANE HELEN RAYMOND by the EXECUTOR JOHN T. RAYMOND, respectfully requests that:

(a)     This Court award Plaintiffs compensatory damages in an amount to be proved at trial;

(b)     This Court award Plaintiffs reasonable attorney's fees and costs of suit; and

(c)     This Court award such other and further relief as this Court deems just and equitable.

## COUNT NINE

### (ESTATE v. LIEBERMAN)
### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

104.    Plaintiffs, ESTATE of DIANE HELEN RAYMOND by the EXECUTOR JOHN T.
RAYMOND and JOHN T. RAYMOND, Individually, incorporate by reference paragraphs one
through one hundred and three above as though fully set forth at length herein.

105.    The aforesaid injuries and damages suffered by Plaintiffs as more fully set forth herein
were caused by the negligence, carelessness, commissions, omissions, acts and/or failures to act of
Defendant, AMANDA R. LIEBERMAN, PA-C, in that she, acting individually, collectively, and/or
by and through her co-Defendants named herein and by and through their agents, servants and/or
employees, who are more particularly described herein, and who were acting within the course and
scope of their employment, or through independent contractors, *inter alia*:

> (a)    failed to properly treat Plaintiffs' Decedent, DIANE RAYMOND, for various
> physical injuries and maladies, including but not limited to, a pleural effusion,
> when this Defendant knew, or should have known, that failure to properly
> treat said condition would lead to a worsening of Plaintiff, DIANE
> RAYMOND's, condition and ultimately her death;
>
> (b)    did not perform the thoracentesis in a medically-acceptable manner and cut,
> sliced and otherwise damaged DIANE RAYMOND's liver, veins, arteries
> and/or other internal organs, and did not recognize and/or acknowledge the
> same, which caused DIANE RAYMOND to bleed internally resulting in her
> death less than seven (7) hours later;
>
> (c)    did not speak with Plaintiffs prior to the procedure regarding the risks/rewards
> of the procedure and how the procedure would take place;

(d)     did not review Ms. Rautman's or Dr. Stroebel's notes prior to the procedure;

(e)     did not speak with either Ms. Rautman or Dr. Stroebel prior to the procedure;

(f)     did not advise Plaintiffs that she would be performing the procedure;

(g)     did not speak with any Good Shepherd healthcare providers regarding post-procedure protocol and care;

(h)     did not participate in Plaintiffs' Decedent, DIANE RAYMOND's, post-procedure care;

(i)     failed to recognize and to diagnose Plaintiffs' Decedent, DIANE RAYMOND, with post-procedure complications due to cutting, slicing and otherwise damaging DIANE RAYMOND's liver, veins, arteries and/or other internal organs, and failed to treat same when this Defendant knew, or should have known, that failure to do so would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

(j)     treated Plaintiffs' Decedent, DIANE RAYMOND, without regard to the nature and the severity of her physical injury when this Defendant knew, or should have known, that failure to do so would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

(k)     failed to make a proper and adequate diagnosis of Plaintiffs' Decedent, DIANE RAYMOND's, condition, by acting or failing to act aforesaid, which said failure Defendant knew, or should have known, would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

(l)     failed to provide Plaintiffs' Decedent, DIANE RAYMOND, with proper medical care and treatment as required given her condition as more particularly stated above, which failure to provide the proper medical care and treatment, this Defendant knew, or should have known, would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

(m)     failed to require the administration of the tests, examinations, medical treatments, medicines, and procedures necessary in order to analyze and to diagnose Plaintiffs' Decedent, DIANE RAYMOND's, conditions properly as aforesaid which failure this Defendant knew, or should have known, would lead to a worsening of Plaintiff, DIANE RAYMOND's, condition and ultimately her death;

(n)     failed to possess that degree of skill, care and knowledge and experience ordinarily exercised and possessed by the average qualified physician assistant taking into account the existing state of knowledge and practice of medicine during the care and treatment of Plaintiffs' Decedent, DIANE RAYMOND, which this Defendant knew, or should have known, would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death; and

(o)     failed to order and to conduct the follow-up tests, examinations, medical treatments, medicines, and procedures to diagnose and to treat Plaintiffs' Decedent, DIANE RAYMOND, which this Defendant knew, or should have known, would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition.

106.    Defendant, AMANDA R. LIEBERMAN, PA-C, had a fiduciary duty to Plaintiffs' Decedent, DIANE RAYMOND, to exercise the utmost care in treating her.

107.    Defendant, AMANDA R. LIEBERMAN, PA-C, breached the duty of care to Plaintiffs' Decedent, DIANE RAYMOND by all of the acts aforesaid.

108.    As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs' Decedent, DIANE RAYMOND, was caused to suffer injuries to her body which ultimately lead to her death.

109.    As a direct, proximate and legally substantial result of the above-described occurrence, and injuries sustained thereby, Plaintiffs' Decedent, DIANE RAYMOND, suffered physical pain, mental anguish, depression, fear, anxiety, humiliation, and embarrassment, which led to her death, all to her great loss.

110.    As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs' Decedent, DIANE RAYMOND, has been unable to engage in her customary domestic, social and recreational activities and in life's other pleasures, all to her great loss and detriment.

111.    The aforesaid acts of negligence, carelessness, commissions, omissions, acts and/or failures to act created a risk of harm, and ultimately death, to Plaintiffs' Decedent, DIANE RAYMOND.

WHEREFORE, Plaintiff, ESTATE of DIANE HELEN RAYMOND by the EXECUTOR JOHN T. RAYMOND, respectfully requests that:

(a)    This Court award Plaintiffs compensatory damages in an amount to be proved at trial;

(b)    This Court award Plaintiffs reasonable attorney's fees and costs of suit; and

(c)    This Court award such other and further relief as this Court deems just and equitable.

34

## COUNT TEN

### (ESTATE v. HOFFMAN)
### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS/RESPONDENT SUPERIOR/VICARIOUS LIABILITY)

112.    Plaintiffs, ESTATE of DIANE HELEN RAYMOND by the EXECUTOR JOHN T. RAYMOND and JOHN T. RAYMOND, Individually, incorporate by reference paragraphs one through one hundred and twelve above as though fully set forth at length herein.

113.    The aforesaid injuries and damages suffered by Plaintiffs as more fully set forth herein were caused by the negligence, carelessness, commissions, omissions, acts and/or failures to act of Defendant, ERRIN J. HOFFMAN, M.D. in that he, acting individually, collectively, and/or by and through his co-Defendants named herein and by and through their agents, servants and/or employees, who are more particularly described herein, and who were acting within the course and scope of their employment, or through independent contractorsed, *inter alia*:

> (a)    failed to properly treat Plaintiffs' Decedent, DIANE RAYMOND, for various physical injuries and maladies, including but not limited to, a pleural effusion, when this Defendant knew, or should have known, that failure to properly treat said condition would lead to a worsening of Plaintiff, DIANE RAYMOND's, condition and ultimately her death;

> (b)    allowed Defendant, AMANDA R. LIEBERMAN, PA-C, to perform the procedure in a manner which was not medically-acceptable and which cut, sliced and otherwise damaged DIANE RAYMOND's liver, veins, arteries and/or other internal organs, and did not recognize and/or acknowledge the same, which caused DIANE RAYMOND to bleed internally resulting in her death less than seven (7) hours post-procedure;

> (c)    did not speak with Plaintiffs prior to the procedure regarding the risks/rewards of the procedure and how the procedure would take place;

(d)    did not review Ms. Rautman's or Dr. Stroebel's notes prior to the procedure;

(e)    did not speak with either Ms. Rautman or Dr. Stroebel prior to the procedure;

(f)    did not advise Plaintiffs that she would not be performing the procedure and that Defendant, AMANDA R. LIEBERMAN, PA-C, would be performing the procedure;

(g)    did not speak with any Good Shepherd healthcare providers regarding post-procedure protocol and care;

(h)    did not participate in DIANE RAYMOND's post-procedure care;

(i)    failed to recognize and to diagnose Plaintiffs' Decedent, DIANE RAYMOND, with post-procedure complications due to cutting, slicing and otherwise damaging DIANE RAYMOND's liver, veins, arteries and/or other internal organs, and failed to treat same when this Defendant knew, or should have known, that failure to do so would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

(j)    treated Plaintiffs' Decedent, DIANE RAYMOND, without regard to the nature and the severity of her physical injury when this Defendant knew, or should have known, that failure to do so would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

(k)    failed to make a proper and adequate diagnosis of Plaintiffs' Decedent, DIANE RAYMOND's, condition, by acting or failing to act aforesaid, which said failure Defendant knew, or should have known, would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

(l)     failed to provide Plaintiffs' Decedent, DIANE RAYMOND, with proper medical care and treatment as required given her condition as more particularly stated above, which failure to provide the proper medical care and treatment, this Defendant knew, or should have known, would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

(m)    failed to require the administration of the tests, examinations, medical treatments, medicines, and procedures necessary in order to analyze and to diagnose Plaintiffs' Decedent, DIANE RAYMOND's, conditions properly as aforesaid which failure this Defendant knew, or should have known, would lead to a worsening of Plaintiff, DIANE RAYMOND's, condition and ultimately her death;

(n)     failed to possess that degree of skill, care and knowledge and experience ordinarily exercised and possessed by the average qualified physician taking into account the existing state of knowledge and practice of medicine during the care and treatment of Plaintiffs' Decedent, DIANE RAYMOND, which this Defendant knew, or should have known, would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death; and

(o)     failed to order and to conduct the follow-up tests, examinations, medical treatments, medicines, and procedures to diagnose and to treat Plaintiffs' Decedent, DIANE RAYMOND, which this Defendant knew, or should have known, would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

(p)     failed to order diagnostic tests, like x-rays, CT scans and MRIs, to determine the nature and the severity of Plaintiffs' Decedent, DIANE RAYMOND's, post-procedure complications when this Defendant knew, or should have known, that said diagnostic test results were necessary to treat Plaintiffs' Decedent, DIANE RAYMOND, and that failure to do so would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

(q)     failed to train, to educate, to supervise and/or to control, for Plaintiffs' Decedent, DIANE RAYMOND's, care in her condition, Defendant, AMANDA R. LIEBERMAN, PA-C, when this Defendant knew, or should have known, that failure to do so would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

(r)     failed to make a proper and adequate diagnosis of Plaintiffs' Decedent, DIANE RAYMOND's, condition, by acting or failing to act aforesaid, which said failure Defendant knew, or should have known, would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

(s)     failed to provide Plaintiffs' Decedent, DIANE RAYMOND, with proper medical care and treatment as required for Plaintiffs' Decedent, DIANE RAYMOND, given her condition as more particularly stated above, which failure to provide the proper medical care and treatment, this Defendant knew, or should have known, would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death; and

(t)     failed to require the administration of the tests, examinations, medical treatments, medicines, and procedures necessary in order to analyze and to diagnose Plaintiff, DIANE RAYMOND's conditions properly as aforesaid which failure this Defendant knew, or should have known, would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death.

114.    Defendant, ERRIN J. HOFFMAN, M.D., had a fiduciary duty to Plaintiffs' Decedent, DIANE RAYMOND, to exercise the utmost care in treating her.

115.    Defendant, ERRIN J. HOFFMAN, M.D., breached the duty of care to Plaintiffs' Decedent, DIANE RAYMOND by all of the acts aforesaid.

116.    As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs' Decedent, DIANE RAYMOND, was caused to suffer injuries to her body which ultimately lead to her death.

117.    As a direct, proximate and legally substantial result of the above-described occurrence, and injuries sustained thereby, Plaintiffs' Decedent, DIANE RAYMOND, suffered physical pain, mental anguish, depression, fear, anxiety, humiliation, and embarrassment, which led to her death, all to her great loss.

118.    As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs' Decedent, DIANE RAYMOND, has been unable to engage in her customary domestic, social and recreational activities and in life's other pleasures, all to her great loss and detriment.

119.    The aforesaid acts of negligence, carelessness, commissions, omissions, acts and/or failures to act created a risk of harm, and ultimately death, to Plaintiffs' Decedent, DIANE RAYMOND.

WHEREFORE, Plaintiff, ESTATE of DIANE HELEN RAYMOND by the EXECUTOR JOHN T. RAYMOND, respectfully requests that:

    (a)    This Court award Plaintiffs compensatory damages in an amount to be proved at trial;

    (b)    This Court award Plaintiffs reasonable attorney's fees and costs of suit; and

    (c)    This Court award such other and further relief as this Court deems just and equitable.

**COUNT ELEVEN**

**(ESTATE v. GOOD SHEPHERD)**
**(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)**
**&**
**(OSTENSIBLE AGENCY)**
**(40 Pa.S.C. §1303.516)**

120.    Plaintiffs, ESTATE OF DIANE HELEN RAYMOND by the EXECUTOR JOHN T. RAYMOND and JOHN T. RAYMOND, Individually, incorporate by reference paragraphs one through one hundred and nineteen above as though fully set forth at length herein.

121.    On March 8, 2018, Plaintiffs looked to Defendant, GOOD SHEPHERD, for medical care and treatment which Plaintiffs' Decedent, DIANE RAYMOND, required, without regard to and without request for, a specific physician, nurse, nursing assistant and/or physician assistant or a specific medical discipline to care for her, but rather relied upon the expertise of Defendant, GOOD SHEPHERD, to render care to Plaintiffs' Decedent, DIANE RAYMOND, and to choose the appropriate physicians, nurses, nursing assistants and physician assistants to render care to her given the condition which she presented on this date.

122.    The aforesaid injuries and damages more fully set forth herein were caused by the negligence, carelessness, commissions, omissions, acts and/or failures to act of Defendant, GOOD SHEPHERD, in that it, acting individually and/or by and through its agents, servants, and/or employees, who were acting within the course and scope of their employment, or through independent contractors, *inter alia*, did:

(a)     fail to provide to Plaintiffs' Decedent, DIANE RAYMOND, with the physicians, nurses, nursing assistants and/or physician assistants, with the requisite knowledge, education, training, experience, expertise and/or specialties normally provided by a full service hospital that holds itself out to the public to provide complete medical services;

(b)     fail to advise Plaintiffs that it lacked the physicians, nurses, nursing assistants and/or physician assistants, with the requisite knowledge, education, training, experience, expertise and/or specialties to address all medical issues including the one Plaintiffs' Decedent, DIANE RAYMOND, presented on this date; and

(c)     represent to the public in general, and to Plaintiffs in particular, that it employed the physicians, nurses, nursing assistants and/or physician assistants, with the requisite knowledge, education, training, experience, expertise and/or specialties to address all medical situations including the one Plaintiffs' Decedent, DIANE RAYMOND, presented on this date.

123.    As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs' Decedent, DIANE RAYMOND, was caused to suffer physical injuries which directly resulted in her death.

124.    As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs have been obliged to expend various and diverse sums of money for medicine and medical treatment in an effort to cure the above injuries of Plaintiffs' Decedent, DIANE RAYMOND, all to their great loss and detriment.

125.    As a direct, proximate and legally substantial result of the above-described occurrence, and injuries sustained thereby, Plaintiffs' Decedent, DIANE RAYMOND, has suffered physical pain, mental anguish, depression, fear, anxiety, humiliation, and embarrassment which ultimately lead to her death, all to her great loss and detriment.

41

126. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs' Decedent, DIANE RAYMOND, has been unable to engage in her customary domestic, social and recreational activities and in life's other pleasures as a result of her death, all to her great loss and detriment.

127. The aforesaid acts of negligence, carelessness, commissions, omissions, acts and/or failures to act created a risk of harm, and ultimately death, to Plaintiffs' Decedent, DIANE RAYMOND.

128. Defendant, GOOD SHEPHERD, had a fiduciary duty to Plaintiffs' Decedent, DIANE RAYMOND, to exercise the utmost care in treating her.

129. Defendant, GOOD SHEPHERD, breached the duty of care to Plaintiffs' Decedent, DIANE RAYMOND by all of the acts aforesaid.

130. As a direct, proximate and legally substantial result of the above-described occurrence, a cause of action lies in favor of Plaintiffs for compensatory damages pursuant to 40 Pa.C.S. §1303.516, and controlling law.

WHEREFORE, Plaintiff, ESTATE of DIANE HELEN RAYMOND by the EXECUTOR JOHN T. RAYMOND, respectfully requests that:

(a) This Court award Plaintiffs compensatory damages in an amount to be proved at trial;

(b) This Court award Plaintiffs reasonable attorney's fees and costs of suit; and

(c) This Court award such other and further relief as this Court deems just and equitable.

### COUNT TWELE

**(ESTATE v. LVH)**
**(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)**
**&**
**(OSTENSIBLE AGENCY)**
**(40 Pa.S.C. §1303.516)**

131. Plaintiffs, ESTATE of DIANE HELEN RAYMOND by the EXECUTOR JOHN T. RAYMOND and JOHN T. RAYMOND, Individually, incorporate by reference paragraphs one through one hundred and thirty above as though fully set forth at length herein.

42

132.     On March 8, 2018, Plaintiffs looked to Defendant, LVH, for medical care and treatment which Plaintiffs' Decedent, DIANE RAYMOND, required, without regard to and without request for, a specific physician, nurse, nursing assistant and/or physician assistant or a specific medical discipline to care for her, but rather relied upon the expertise of Defendant, LVH, to render care to Plaintiffs' Decedent, DIANE RAYMOND, and to choose the appropriate physicians, nurses, nursing assistants and physician assistants to render care to her given the condition which she presented on this date.

133.     The aforesaid injuries and damages more fully set forth herein were caused by the negligence, carelessness, commissions, omissions, acts and/or failures to act of Defendant, LVH, in that it, acting individually and/or by and through its agents, servants, and/or employees, who were acting within the course and scope of their employment, or through independent contractors, *inter alia*, did:

(a)     fail to provide to Plaintiffs' Decedent, DIANE RAYMOND, with the physicians, nurses, nursing assistants and/or physician assistants, with the requisite knowledge, education, training, experience, expertise and/or specialties normally provided by a full service hospital that holds itself out to the public to provide complete medical services;

(b)     fail to advise Plaintiffs that it lacked the physicians, nurses, nursing assistants and/or physician assistants, with the requisite knowledge, education, training, experience, expertise and/or specialties to address all medical issues including the one Plaintiffs' Decedent, DIANE RAYMOND, presented on this date; and

(c)     represent to the public in general, and to Plaintiffs in particular, that it employed the physicians, nurses, nursing assistants and/or physician assistants, with the requisite knowledge, education, training, experience, expertise and/or specialties to address all medical situations including the one Plaintiffs' Decedent, DIANE RAYMOND, presented on this date.

134.   As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs' Decedent, DIANE RAYMOND, was caused to suffer physical injuries which directly resulted in her death.

135.   As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs have been obliged to expend various and diverse sums of money for medicine and medical treatment in an effort to cure the above injuries of Plaintiffs' Decedent, DIANE RAYMOND, all to their great loss and detriment.

136.   As a direct, proximate and legally substantial result of the above-described occurrence, and injuries sustained thereby, Plaintiffs' Decedent, DIANE RAYMOND, has suffered physical pain, mental anguish, depression, fear, anxiety, humiliation, and embarrassment which ultimately lead to her death, all to her great loss and detriment.

137.   As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs' Decedent, DIANE RAYMOND, has been unable to engage in her customary domestic, social and recreational activities and in life's other pleasures as a result of her death, all to her great loss and detriment.

138.   The aforesaid acts of negligence, carelessness, commissions, omissions, acts and/or failures to act created a risk of harm, and ultimately death, to Plaintiffs' Decedent, DIANE RAYMOND.

139.   Defendant, GOOD SHEPHERD, had a fiduciary duty to Plaintiffs' Decedent, DIANE RAYMOND, to exercise the utmost care in treating her.

140.   Defendant, GOOD SHEPHERD, breached the duty of care to Plaintiffs' Decedent, DIANE RAYMOND by all of the acts aforesaid.

141.   As a direct, proximate and legally substantial result of the above-described occurrence, a cause of action lies in favor of Plaintiffs for compensatory damages pursuant to 40 Pa.C.S. §1303.516, and controlling law.

WHEREFORE, Plaintiff, ESTATE of DIANE HELEN RAYMOND by the EXECUTOR JOHN T. RAYMOND, respectfully requests that:

(a)     This Court award Plaintiffs compensatory damages in an amount to be proved at trial;

(b)     This Court award Plaintiffs reasonable attorney's fees and costs of suit; and

(c)     This Court award such other and further relief as this Court deems just and equitable.

### COUNT THIRTEEN

### (ESTATE v. LIEBERMAN)
### (SURVIVAL ACTION)

142.    Plaintiffs, ESTATE of DIANE HELEN RAYMOND by the EXECUTOR JOHN T. RAYMOND and JOHN T. RAYMOND, Individually, incorporate by reference paragraphs one through one hundred and forty-two above as though fully set forth at length herein.

143.    The aforesaid injuries and damages suffered by Plaintiffs as more fully set forth herein were caused by the negligence, carelessness, commissions, omissions, acts and/or failures to act of Defendant, AMANDA R. LIEBERMAN, PA-C, in that she, acting individually, collectively, and/or by and through her co-Defendants named herein and by and through their agents, servants and/or employees, who are more particularly described herein, and who were acting within the course and scope of their employment, or through independent contractors, *inter alia*:

(a)     failed to properly treat Plaintiffs' Decedent, DIANE RAYMOND, for various physical injuries and maladies, including but not limited to, a pleural effusion, when this Defendant knew, or should have known, that failure to properly treat said condition would lead to a worsening of Plaintiff, DIANE RAYMOND's, condition and ultimately her death;

(b)     did not perform the thoracentesis in a medically-acceptable manner and cut, sliced and otherwise damaged DIANE RAYMOND's liver, veins, arteries and/or other internal organs, and did not recognize and/or acknowledge the same, which caused DIANE RAYMOND to bleed internally resulting in her

45

death less than seven (7) hours later;

(c)     did not speak with Plaintiffs prior to the procedure regarding the risks/rewards of the procedure and how the procedure would take place;

(d)     did not review Ms. Rautman's or Dr. Stroebel's notes prior to the procedure;

(e)     did not speak with either Ms. Rautman or Dr. Stroebel prior to the procedure;

(f)     did not advise Plaintiffs that she would be performing the procedure;

(g)     did not speak with any Good Shepherd healthcare providers regarding post-procedure protocol and care;

(h)     did not participate in DIANE RAYMOND's post-procedure care;

(i)     failed to recognize and to diagnose Plaintiffs' Decedent, DIANE RAYMOND, with post-procedure complications due to cutting, slicing and otherwise damaging DIANE RAYMOND's liver, veins, arteries and/or other internal organs, and failed to treat same when this Defendant knew, or should have known, that failure to do so would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

(j)     treated Plaintiffs' Decedent, DIANE RAYMOND, without regard to the nature and the severity of her physical injury when this Defendant knew, or should have known, that failure to do so would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

(k)     failed to make a proper and adequate diagnosis of Plaintiffs' Decedent, DIANE RAYMOND's, condition, by acting or failing to act aforesaid, which said failure Defendant knew, or should have known, would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

(l)     failed to provide Plaintiffs' Decedent, DIANE RAYMOND, with proper medical care and treatment as required given her condition as more particularly stated above, which failure to provide the proper medical care and treatment, this Defendant knew, or should have known, would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

(m)    failed to require the administration of the tests, examinations, medical treatments, medicines, and procedures necessary in order to analyze and to diagnose Plaintiffs' Decedent, DIANE RAYMOND's, conditions properly as aforesaid which failure this Defendant knew, or should have known, would lead to a worsening of Plaintiff, DIANE RAYMOND's, condition and ultimately her death;

(n)     failed to possess that degree of skill, care and knowledge and experience ordinarily exercised and possessed by the average qualified physician assistant taking into account the existing state of knowledge and practice of medicine during the care and treatment of Plaintiffs' Decedent, DIANE RAYMOND, which this Defendant knew, or should have known, would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death; and

(o)     failed to order and to conduct the follow-up tests, examinations, medical treatments, medicines, and procedures to diagnose and to treat Plaintiffs' Decedent, DIANE RAYMOND, which this Defendant knew, or should have known, would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition.

144.    As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs' Decedent, DIANE RAYMOND, was caused to suffer injuries to her body which ultimately lead to her death.

145.    As a direct, proximate and legally substantial result of the above-described occurrence, and injuries sustained thereby, Plaintiffs' Decedent, DIANE RAYMOND, suffered physical pain, mental anguish, depression, fear, anxiety, humiliation, and embarrassment, which led to her death, all to her great loss.

146.    As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs' Decedent, DIANE RAYMOND, has been unable to engage in her customary domestic, social and recreational activities and in life's other pleasures, all to her great loss and detriment.

147.    The aforesaid acts of negligence, carelessness, commissions, omissions, acts and/or failures to act created a risk of harm, and ultimately death, to Plaintiffs' Decedent, DIANE RAYMOND.

148.    As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs' Decedent, Diane Raymond, experienced great pain and suffering before she died as set forth above for which a cause of action lies in favor of Plaintiffs' Decedent's Estate for compensatory damages, past medical expenses, loss of future earning capacity, costs associated with administering Decedent's estate and punitive damages pursuant to 42 Pa.C.S. §8302, *et. seq.* and controlling law.

WHEREFORE, Plaintiff, ESTATE of DIANE HELEN RAYMOND by the EXECUTOR JOHN T. RAYMOND, respectfully requests that:

(a)    This Court award Plaintiffs compensatory damages in an amount to be proved at trial;

(b)    This Court award Plaintiffs reasonable attorney's fees and costs of suit; and

(c)    This Court award such other and further relief as this Court deems just and equitable.

## COUNT FOURTEEN

### (ESTATE v. HOFFMAN)
### (SURVIVAL ACTION/VICARIOUS LIABILITY/RESPONDENT SUPERIOR)

149.    Plaintiffs, ESTATE of DIANE HELEN RAYMOND by the EXECUTOR JOHN T. RAYMOND and JOHN T. RAYMOND, Individually, incorporate by reference paragraphs one through one hundred and forty-eight above as though fully set forth at length herein.

150.    The aforesaid injuries and damages suffered by Plaintiffs as more fully set forth herein were caused by the negligence, carelessness, commissions, omissions, acts and/or failures to act of Defendant, ERRIN J. HOFFMAN, M.D., in that she, acting individually, collectively, and/or by and through her co-Defendants named herein and by and through their agents, servants and/or employees, who are more particularly described herein, and who were acting within the course and scope of their employment, or through independent contractors, *inter alia*:

        (a)      failed to properly treat Plaintiffs' Decedent, DIANE RAYMOND, for various physical injuries and maladies, including but not limited to, a pleural effusion, when this Defendant knew, or should have known, that failure to properly treat said condition would lead to a worsening of Plaintiff, DIANE RAYMOND's, condition and ultimately her death;

        (b)      allowed Defendant, AMANDA R. LIEBERMAN, PA-C, to perform the procedure in a manner which was not medically-acceptable and which cut, sliced and otherwise damaged DIANE RAYMOND's liver, veins, arteries and/or other internal organs, and did not recognize and/or acknowledge the same, which caused DIANE RAYMOND to bleed internally resulting in her death less than seven (7) hours post-procedure;

        (c)      did not speak with Plaintiffs prior to the procedure regarding the risks/rewards of the procedure and how the procedure would take place;

(d)     did not review Ms. Rautman's or Dr. Stroebel's notes prior to the procedure;

(e)     did not speak with either Ms. Rautman or Dr. Stroebel prior to the procedure;

(f)     did not advise Plaintiffs that she would not be performing the procedure and that Defendant, AMANDA R. LIEBERMAN, PA-C, would be performing the procedure;

(g)     did not speak with any Good Shepherd healthcare providers regarding post-procedure protocol and care;

(h)     did not participate in DIANE RAYMOND's post-procedure care;

(i)     failed to recognize and to diagnose Plaintiffs' Decedent, DIANE RAYMOND, with post-procedure complications due to cutting, slicing and otherwise damaging DIANE RAYMOND's liver, veins, arteries and/or other internal organs, and failed to treat same when this Defendant knew, or should have known, that failure to do so would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

(j)     treated Plaintiffs' Decedent, DIANE RAYMOND, without regard to the nature and the severity of her physical injury when this Defendant knew, or should have known, that failure to do so would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

(k)     failed to make a proper and adequate diagnosis of Plaintiffs' Decedent, DIANE RAYMOND's, condition, by acting or failing to act aforesaid, which said failure Defendant knew, or should have known, would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

(l)     failed to provide Plaintiffs' Decedent, DIANE RAYMOND, with proper
        medical care and treatment as required given her condition as more
        particularly stated above, which failure to provide the proper medical care and
        treatment, this Defendant knew, or should have known, would lead to a
        worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and
        ultimately her death;

(m)     failed to require the administration of the tests, examinations, medical
        treatments, medicines, and procedures necessary in order to analyze and to
        diagnose Plaintiffs' Decedent, DIANE RAYMOND's, conditions properly as
        aforesaid which failure this Defendant knew, or should have known, would
        lead to a worsening of Plaintiff, DIANE RAYMOND's, condition and
        ultimately her death;

(n)     failed to possess that degree of skill, care and knowledge and experience
        ordinarily exercised and possessed by the average qualified physician taking
        into account the existing state of knowledge and practice of medicine during
        the care and treatment of Plaintiffs' Decedent, DIANE RAYMOND, which
        this Defendant knew, or should have known, would lead to a worsening of
        Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her
        death; and

(o)     failed to order and to conduct the follow-up tests, examinations, medical
        treatments, medicines, and procedures to diagnose and to treat Plaintiffs'
        Decedent, DIANE RAYMOND, which this Defendant knew, or should have
        known, would lead to a worsening of Plaintiffs' Decedent, DIANE
        RAYMOND's, condition and ultimately her death;

51

(p)    failed to order diagnostic tests, like x-rays, CT scans and MRIs, to determine the nature and the severity of Plaintiffs' Decedent, DIANE RAYMOND's, post-procedure complications when this Defendant knew, or should have known, that said diagnostic test results were necessary to treat Plaintiffs' Decedent, DIANE RAYMOND, and that failure to do so would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

(q)    failed to train, to educate, to supervise and/or to control, for Plaintiffs' Decedent, DIANE RAYMOND's, care in her condition, Defendant, AMANDA R. LIEBERMAN, PA-C, when this Defendant knew, or should have known, that failure to do so would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

(r)    failed to make a proper and adequate diagnosis of Plaintiffs' Decedent, DIANE RAYMOND's, condition, by acting or failing to act aforesaid, which said failure Defendant knew, or should have known, would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

(s)    failed to provide Plaintiffs' Decedent, DIANE RAYMOND, with proper medical care and treatment as required for Plaintiffs' Decedent, DIANE RAYMOND, given her condition as more particularly stated above, which failure to provide the proper medical care and treatment, this Defendant knew, or should have known, would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

(t)     failed to require the administration of the tests, examinations, medical treatments, medicines, and procedures necessary in order to analyze and to diagnose Plaintiff, DIANE RAYMOND's conditions properly as aforesaid which failure this Defendant knew, or should have known, would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death.

151.    As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs' Decedent, DIANE RAYMOND, was caused to suffer injuries to her body which ultimately lead to her death.

152.    As a direct, proximate and legally substantial result of the above-described occurrence, and injuries sustained thereby, Plaintiffs' Decedent, DIANE RAYMOND, suffered physical pain, mental anguish, depression, fear, anxiety, humiliation, and embarrassment, which led to her death, all to her great loss.

153.    As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs' Decedent, DIANE RAYMOND, has been unable to engage in her customary domestic, social and recreational activities and in life's other pleasures, all to her great loss and detriment.

154.    The aforesaid acts of negligence, carelessness, commissions, omissions, acts and/or failures to act created a risk of harm, and ultimately death, to Plaintiffs' Decedent, DIANE RAYMOND.

155.    As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs' Decedent, Diane Raymond, experienced great pain and suffering before she died as set forth above for which a cause of action lies in favor of Plaintiffs' Decedent's Estate for compensatory damages, past medical expenses, loss of future earning capacity, costs associated with administering Decedent's estate and punitive damages pursuant to 42 Pa.C.S. §8302, *et. seq.* and controlling law.

WHEREFORE, Plaintiff, ESTATE of DIANE HELEN RAYMOND by the EXECUTOR JOHN T. RAYMOND, respectfully requests that:

(a)      This Court award Plaintiffs compensatory damages in an amount to be proved at trial;

(b)      This Court award Plaintiffs reasonable attorney's fees and costs of suit; and

(c)      This Court award such other and further relief as this Court deems just and equitable.

**COUNT FOURTEEN**

**(ESTATE v. GOOD SHEPHERD)**
**(SURVIVAL ACTION/VICARIOUS LIABILITY/RESPONDENT SUPERIOR)**

156.    Plaintiffs, ESTATE of DIANE HELEN RAYMOND by the EXECUTOR JOHN T. RAYMOND and JOHN T. RAYMOND, Individually, incorporate by reference paragraphs one through one hundred and fifty-five above as though fully set forth at length herein.

157.    On March 8, 2018, Plaintiffs looked to Defendant, GOOD SHEPHERD, for medical care and treatment which Plaintiffs' Decedent, DIANE RAYMOND, required, without regard to and without request for, a specific physician, nurse, nursing assistant and/or physician assistant or a specific medical discipline to care for her, but rather relied upon the expertise of Defendant, GOOD SHEPHERD, to render care to Plaintiffs' Decedent, DIANE RAYMOND, and to choose the appropriate physicians, nurses, nursing assistants and physician assistants to render care to her given the condition which she presented on this date.

158.    The aforesaid injuries and damages more fully set forth herein were caused by the negligence, carelessness, commissions, omissions, acts and/or failures to act of Defendant, GOOD SHEPHERD, in that it, acting individually and/or by and through its agents, servants, and/or employees, who were acting within the course and scope of their employment, or through independent contractors, *inter alia*, did:

(a)      fail to provide to Plaintiffs' Decedent, DIANE RAYMOND, with the physicians, nurses, nursing assistants and/or physician assistants, with the requisite knowledge, education, training, experience, expertise and/or specialties normally provided by a

54

full service hospital that holds itself out to the public to provide complete medical services;

(b)     fail to advise Plaintiffs that it lacked the physicians, nurses, nursing assistants and/or physician assistants, with the requisite knowledge, education, training, experience, expertise and/or specialties to address all medical issues including the one Plaintiffs' Decedent, DIANE RAYMOND, presented on this date; and

(c)     represent to the public in general, and to Plaintiffs in particular, that it employed the physicians, nurses, nursing assistants and/or physician assistants, with the requisite knowledge, education, training, experience, expertise and/or specialties to address all medical situations including the one Plaintiffs' Decedent, DIANE RAYMOND, presented on this date.

159.    As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs' Decedent, DIANE RAYMOND, was caused to suffer physical injuries which directly resulted in her death.

160.    As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs have been obliged to expend various and diverse sums of money for medicine and medical treatment in an effort to cure the above injuries of Plaintiffs' Decedent, DIANE RAYMOND, all to their great loss and detriment.

161.    As a direct, proximate and legally substantial result of the above-described occurrence, and injuries sustained thereby, Plaintiffs' Decedent, DIANE RAYMOND, has suffered physical pain, mental anguish, depression, fear, anxiety, humiliation, and embarrassment which ultimately lead to her death, all to her great loss and detriment.

162. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs' Decedent, DIANE RAYMOND, has been unable to engage in her customary domestic, social and recreational activities and in life's other pleasures as a result of her death, all to her great loss and detriment.

163. The aforesaid acts of negligence, carelessness, commissions, omissions, acts and/or failures to act created a risk of harm, and ultimately death, to Plaintiffs' Decedent, DIANE RAYMOND.

164. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs' Decedent, Diane Raymond, experienced great pain and suffering before she died as set forth above for which a cause of action lies in favor of Plaintiffs' Decedent's Estate for compensatory damages, past medical expenses, loss of future earning capacity, costs associated with administering Decedent's estate and punitive damages pursuant to 42 Pa.C.S. §8302, *et. seq.* and controlling law.

WHEREFORE, Plaintiff, ESTATE of DIANE HELEN RAYMOND by the EXECUTOR JOHN T. RAYMOND, respectfully requests that:

(a) This Court award Plaintiffs compensatory damages in an amount to be proved at trial;

(b) This Court award Plaintiffs reasonable attorney's fees and costs of suit; and

(c) This Court award such other and further relief as this Court deems just and equitable.

## COUNT SIXTEEN

### (ESTATE v. LVH)
### (SURVIVAL ACTION/VICARIOUS LIABILITY/RESPONDENT SUPERIOR)

165. Plaintiffs, ESTATE of DIANE HELEN RAYMOND by the EXECUTOR JOHN T. RAYMOND and JOHN T. RAYMOND, Individually, incorporate by reference paragraphs one through one hundred and sixty-four above as though fully set forth at length herein.

56

166.     On March 8, 2018, Plaintiffs looked to Defendant, LVH, for medical care and treatment which Plaintiffs' Decedent, DIANE RAYMOND, required, without regard to and without request for, a specific physician, nurse, nursing assistant and/or physician assistant or a specific medical discipline to care for her, but rather relied upon the expertise of Defendant, LVH, to render care to Plaintiffs' Decedent, DIANE RAYMOND, and to choose the appropriate physicians, nurses, nursing assistants and physician assistants to render care to her given the condition which she presented on this date.

167.     The aforesaid injuries and damages more fully set forth herein were caused by the negligence, carelessness, commissions, omissions, acts and/or failures to act of Defendant, LVH, in that it, acting individually and/or by and through its agents, servants, and/or employees, who were acting within the course and scope of their employment, or through independent contractors, *inter alia*, did:

(a)     fail to provide to Plaintiffs' Decedent, DIANE RAYMOND, with the physicians, nurses, nursing assistants and/or physician assistants, with the requisite knowledge, education, training, experience, expertise and/or specialties normally provided by a full service hospital that holds itself out to the public to provide complete medical services;

(b)     fail to advise Plaintiffs that it lacked the physicians, nurses, nursing assistants and/or physician assistants, with the requisite knowledge, education, training, experience, expertise and/or specialties to address all medical issues including the one Plaintiffs' Decedent, DIANE RAYMOND, presented on this date; and

(c)     represent to the public in general, and to Plaintiffs in particular, that it employed the physicians, nurses, nursing assistants and/or physician assistants, with the requisite knowledge, education, training, experience, expertise and/or specialties to address all medical situations including the one Plaintiffs' Decedent, DIANE RAYMOND, presented on this date.

168.    As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs' Decedent, DIANE RAYMOND, was caused to suffer physical injuries which directly resulted in her death.

169.    As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs have been obliged to expend various and diverse sums of money for medicine and medical treatment in an effort to cure the above injuries of Plaintiffs' Decedent, DIANE RAYMOND, all to their great loss and detriment.

170.    As a direct, proximate and legally substantial result of the above-described occurrence, and injuries sustained thereby, Plaintiffs' Decedent, DIANE RAYMOND, has suffered physical pain, mental anguish, depression, fear, anxiety, humiliation, and embarrassment which ultimately lead to her death, all to her great loss and detriment.

171.    As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs' Decedent, DIANE RAYMOND, has been unable to engage in her customary domestic, social and recreational activities and in life's other pleasures as a result of her death, all to her great loss and detriment.

172.    The aforesaid acts of negligence, carelessness, commissions, omissions, acts and/or failures to act created a risk of harm, and ultimately death, to Plaintiffs' Decedent, DIANE RAYMOND.

173.    As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs' Decedent, Diane Raymond, experienced great pain and suffering before she died as set forth above for which a cause of action lies in favor of Plaintiffs' Decedent's Estate for compensatory damages, past medical expenses, loss of future earning capacity, costs associated with administering Decedent's estate and punitive damages pursuant to 42 Pa.C.S. §8302, *et. seq*. and controlling law.

WHEREFORE, Plaintiff, ESTATE of DIANE HELEN RAYMOND by the EXECUTOR JOHN T. RAYMOND, respectfully requests that:

    (a)    This Court award Plaintiffs compensatory damages in an amount to be proved at trial;

    (b)    This Court award Plaintiffs reasonable attorney's fees and costs of suit; and

    (c)    This Court award such other and further relief as this Court deems just and equitable.

**COUNT SEVENTEEN**

**(HUSBAND v. LIEBERMAN)**
**(WRONGFUL DEATH)**

174.    Plaintiffs, ESTATE of DIANE HELEN RAYMOND by the EXECUTOR JOHN T. RAYMOND and JOHN T. RAYMOND, Individually, incorporate by reference paragraphs one through one hundred and seventy-two above as though fully set forth at length herein.

175.    The aforesaid injuries and damages suffered by Plaintiffs as more fully set forth herein were caused by the negligence, carelessness, commissions, omissions, acts and/or failures to act of Defendant, AMANDA R. LIEBERMAN, PA-C, in that she, acting individually, collectively, and/or by and through her co-Defendants named herein and by and through their agents, servants and/or employees, who are more particularly described herein, and who were acting within the course and scope of their employment, or through independent contractors, *inter alia*:

    (a)    failed to properly treat Plaintiffs' Decedent, DIANE RAYMOND, for various physical injuries and maladies, including but not limited to, a pleural effusion, when this Defendant knew, or should have known, that failure to properly treat said condition would lead to a worsening of Plaintiff, DIANE RAYMOND's, condition and ultimately her death;

    (b)    did not perform the procedure in a medically-acceptable manner and cut, sliced and otherwise damaged DIANE RAYMOND's liver, veins, arteries and/or other internal organs, and did not recognize and/or acknowledge the

same, which caused DIANE RAYMOND to bleed internally resulting in her death less than seven (7) hours later;

(c)   did not speak with Plaintiffs prior to the procedure regarding the risks/rewards of the procedure and how the procedure would take place;

(d)   did not review Ms. Rautman's or Dr. Stroebel's notes prior to the procedure;

(e)   did not speak with either Ms. Rautman or Dr. Stroebel prior to the procedure;

(f)   did not advise Plaintiffs that she would be performing the procedure;

(g)   did not speak with any Good Shepherd healthcare providers regarding post-procedure protocol and care;

(h)   did not participate in DIANE RAYMOND's post-procedure care;

(i)   failed to recognize and to diagnose Plaintiffs' Decedent, DIANE RAYMOND, with post-procedure complications due to cutting, slicing and otherwise damaging DIANE RAYMOND's liver, veins, arteries and/or other internal organs, and failed to treat same when this Defendant knew, or should have known, that failure to do so would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

(j)   treated Plaintiffs' Decedent, DIANE RAYMOND, without regard to the nature and the severity of her physical injury when this Defendant knew, or should have known, that failure to do so would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

(k)   failed to make a proper and adequate diagnosis of Plaintiffs' Decedent, DIANE RAYMOND's, condition, by acting or failing to act aforesaid, which said failure Defendant knew, or should have known, would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

60

(l)     failed to provide Plaintiffs' Decedent, DIANE RAYMOND, with proper medical care and treatment as required given her condition as more particularly stated above, which failure to provide the proper medical care and treatment, this Defendant knew, or should have known, would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

(m)    failed to require the administration of the tests, examinations, medical treatments, medicines, and procedures necessary in order to analyze and to diagnose Plaintiffs' Decedent, DIANE RAYMOND's, conditions properly as aforesaid which failure this Defendant knew, or should have known, would lead to a worsening of Plaintiff, DIANE RAYMOND's, condition and ultimately her death;

(n)     failed to possess that degree of skill, care and knowledge and experience ordinarily exercised and possessed by the average qualified physician assistant taking into account the existing state of knowledge and practice of medicine during the care and treatment of Plaintiffs' Decedent, DIANE RAYMOND, which this Defendant knew, or should have known, would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death; and

(o)     failed to order and to conduct the follow-up tests, examinations, medical treatments, medicines, and procedures to diagnose and to treat Plaintiffs' Decedent, DIANE RAYMOND, which this Defendant knew, or should have known, would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition.

176.    As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs' Decedent, DIANE RAYMOND, was caused to suffer injuries to her body which ultimately lead to her death.

177.    As a direct, proximate and legally substantial result of the above-described occurrence, and injuries sustained thereby, Plaintiffs' Decedent, DIANE RAYMOND, suffered physical pain, mental anguish, depression, fear, anxiety, humiliation, and embarrassment, which led to her death, all to her great loss.

178.    As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs' Decedent, DIANE RAYMOND, has been unable to engage in her customary domestic, social and recreational activities and in life's other pleasures, all to her great loss and detriment.

179.    The aforesaid acts of negligence, carelessness, commissions, omissions, acts and/or failures to act created a risk of harm, and ultimately death, to Plaintiffs' Decedent, DIANE RAYMOND.

180.    As a direct, proximate and legally substantial result of the above-described occurrence, a cause of action lies in favor of Plaintiffs for compensatory damages, past medical expenses, loss of future earning capacity, expenses of Plaintiffs' Decedent, Diane Raymond's, funeral, and costs associated with administering Decedent's estate pursuant to 42 Pa.C.S. §8301, *et. seq.*

WHEREFORE, Plaintiff, ESTATE of DIANE HELEN RAYMOND by the EXECUTOR JOHN T. RAYMOND, respectfully requests that:

(a)    This Court award Plaintiff compensatory damages in an amount to be proved at trial;

(b)    This Court award Plaintiffs reasonable attorney's fees and costs of suit; and

(c)    This Court award such other and further relief as this Court deems just and equitable.

**COUNT EIGHTEEN**

**(HUSBAND v. HOFFMAN)**
**(SURVIVAL ACTION)**

181.     Plaintiffs, ESTATE of DIANE HELEN RAYMOND by the EXECUTOR JOHN T.

RAYMOND and JOHN T. RAYMOND, Individually, incorporate by reference paragraphs one

through one hundred and seventy-nine above as though fully set forth at length herein.

182.     The aforesaid injuries and damages suffered by Plaintiffs as more fully set forth herein

were caused by the negligence, carelessness, commissions, omissions, acts and/or failures to act of

Defendant, ERRIN J. HOFFMAN, M.D., in that he, acting individually, collectively, and/or by and

through his co-Defendants named herein and by and through their agents, servants and/or employees,

who are more particularly described herein, and who were acting within the course and scope of their

employment, or through independent contractors, *inter alia*:

        (a)     failed to properly treat Plaintiffs' Decedent, DIANE RAYMOND, for
various physical injuries and maladies, including but not limited to, a
pleural effusion, when this Defendant knew, or should have known,
that failure to properly treat said condition would lead to a worsening
of Plaintiff, DIANE RAYMOND's, condition and ultimately her
death;

        (b)     allowed Defendant, AMANDA R. LIEBERMAN, PA-C, to perform
the procedure in a manner which was not medically-acceptable and
which cut, sliced and otherwise damaged DIANE RAYMOND's
liver, veins, arteries and/or other internal organs, and did not
recognize and/or acknowledge the same, which caused DIANE
RAYMOND to bleed internally resulting in her death less than seven
(7) hours post-procedure;

(c)      did not speak with Plaintiffs prior to the procedure regarding the risks/rewards of the procedure and how the procedure would take place;

(d)      did not review Ms. Rautman's or Dr. Stroebel's notes prior to the procedure;

(e)      did not speak with either Ms. Rautman or Dr. Stroebel prior to the procedure;

(f)      did not advise Plaintiffs that she would not be performing the procedure and that Defendant, AMANDA R. LIEBERMAN, PA-C, would be performing the procedure;

(g)      did not speak with any Good Shepherd healthcare providers regarding post-procedure protocol and care;

(h)      did not participate in DIANE RAYMOND's post-procedure care;

(i)      failed to recognize and to diagnose Plaintiffs' Decedent, DIANE RAYMOND, with post-procedure complications due to cutting, slicing and otherwise damaging DIANE RAYMOND's liver, veins, arteries and/or other internal organs, and failed to treat same when this Defendant knew, or should have known, that failure to do so would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

(j)      treated Plaintiffs' Decedent, DIANE RAYMOND, without regard to the nature and the severity of her physical injury when this Defendant knew, or should have known, that failure to do so would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

(k)     failed to make a proper and adequate diagnosis of Plaintiffs'
Decedent, DIANE RAYMOND's, condition, by acting or failing to
act aforesaid, which said failure Defendant knew, or should have
known, would lead to a worsening of Plaintiffs' Decedent, DIANE
RAYMOND's, condition and ultimately her death;

(l)     failed to provide Plaintiffs' Decedent, DIANE RAYMOND, with
proper medical care and treatment as required given her condition as
more particularly stated above, which failure to provide the proper
medical care and treatment, this Defendant knew, or should have
known, would lead to a worsening of Plaintiffs' Decedent, DIANE
RAYMOND's, condition and ultimately her death;

(m)    failed to require the administration of the tests, examinations, medical
treatments, medicines, and procedures necessary in order to analyze
and to diagnose Plaintiffs' Decedent, DIANE RAYMOND's,
conditions properly as aforesaid which failure this Defendant knew,
or should have known, would lead to a worsening of Plaintiff, DIANE
RAYMOND's, condition and ultimately her death;

(n)     failed to possess that degree of skill, care and knowledge and
experience ordinarily exercised and possessed by the average
qualified physician taking into account the existing state of
knowledge and practice of medicine during the care and treatment of
Plaintiffs' Decedent, DIANE RAYMOND, which this Defendant
knew, or should have known, would lead to a worsening of Plaintiffs'
Decedent, DIANE RAYMOND's, condition and ultimately her death;
and

(o)     failed to order and to conduct the follow-up tests, examinations, medical treatments, medicines, and procedures to diagnose and to treat Plaintiffs' Decedent, DIANE RAYMOND, which this Defendant knew, or should have known, would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

(p)     failed to order diagnostic tests, like x-rays, CT scans and MRIs, to determine the nature and the severity of Plaintiffs' Decedent, DIANE RAYMOND's, post-procedure complications when this Defendant knew, or should have known, that said diagnostic test results were necessary to treat Plaintiffs' Decedent, DIANE RAYMOND, and that failure to do so would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

(q)     failed to train, to educate, to supervise and/or to control, for Plaintiffs' Decedent, DIANE RAYMOND's, care in her condition, Defendant, AMANDA R. LIEBERMAN, PA-C, when this Defendant knew, or should have known, that failure to do so would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

(r)     failed to make a proper and adequate diagnosis of Plaintiffs' Decedent, DIANE RAYMOND's, condition, by acting or failing to act aforesaid, which said failure Defendant knew, or should have known, would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

(s)    failed to provide Plaintiffs' Decedent, DIANE RAYMOND, with proper medical care and treatment as required for Plaintiffs' Decedent, DIANE RAYMOND, given her condition as more particularly stated above, which failure to provide the proper medical care and treatment, this Defendant knew, or should have known, would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death;

(t)    failed to require the administration of the tests, examinations, medical treatments, medicines, and procedures necessary in order to analyze and to diagnose Plaintiff, DIANE RAYMOND's conditions properly as aforesaid which failure this Defendant knew, or should have known, would lead to a worsening of Plaintiffs' Decedent, DIANE RAYMOND's, condition and ultimately her death.

183.    As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs' Decedent, DIANE RAYMOND, was caused to suffer injuries to her body which ultimately lead to her death.

184.    As a direct, proximate and legally substantial result of the above-described occurrence, and injuries sustained thereby, Plaintiffs' Decedent, DIANE RAYMOND, suffered physical pain, mental anguish, depression, fear, anxiety, humiliation, and embarrassment, which led to her death, all to her great loss.

185.    As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs' Decedent, DIANE RAYMOND, has been unable to engage in her customary domestic, social and recreational activities and in life's other pleasures, all to her great loss and detriment.

186.   The aforesaid acts of negligence, carelessness, commissions, omissions, acts and/or failures to act created a risk of harm, and ultimately death, to Plaintiffs' Decedent, DIANE RAYMOND.

187.   As a direct, proximate and legally substantial result of the above-described occurrence, a cause of action lies in favor of Plaintiffs for compensatory damages, past medical expenses, loss of future earning capacity, expenses of Plaintiffs' Decedent, Diane Raymond's, funeral, and costs associated with administering Decedent's estate pursuant to 42 Pa.C.S. §8301, *et. seq.* and controlling law.

WHEREFORE, Plaintiff, ESTATE of DIANE HELEN RAYMOND by the EXECUTOR JOHN T. RAYMOND, respectfully requests that:

(a)   This Court award Plaintiffs compensatory damages in an amount to be proved at trial;

(b)   This Court award Plaintiffs reasonable attorney's fees and costs of suit; and

(c)   This Court award such other and further relief as this Court deems just and equitable.

### COUNT NINETEEN

#### (HUSBAND v. GOOD SHEPHERD)
#### (SURVIVAL ACTION/VICARIOUS LIABILITY/RESPONDENT SUPERIOR)

188.   Plaintiffs, ESTATE of DIANE HELEN RAYMOND by the EXECUTOR JOHN T. RAYMOND and JOHN T. RAYMOND, Individually, incorporate by reference paragraphs one through one hundred and eighty-seven above as though fully set forth at length herein.

189.   On March 8, 2018, Plaintiffs looked to Defendant, GOOD SHEPHERD, for medical care and treatment which Plaintiffs' Decedent, DIANE RAYMOND, required, without regard to and without request for, a specific physician, nurse, nursing assistant and/or physician assistant or a specific medical discipline to care for her, but rather relied upon the expertise of Defendant, GOOD SHEPHERD, to render care to Plaintiffs' Decedent, DIANE RAYMOND, and to choose the appropriate physicians, nurses, nursing assistants and physician assistants to render care to her given the condition which she presented on this date.

190.    The aforesaid injuries and damages more fully set forth herein were caused by the negligence, carelessness, commissions, omissions, acts and/or failures to act of Defendant, GOOD SHEPHERD, in that it, acting individually and/or by and through its agents, servants, and/or employees, who were acting within the course and scope of their employment, or through independent contractors, *inter alia*, did:

(a)    fail to provide to Plaintiffs' Decedent, DIANE RAYMOND, with the physicians, nurses, nursing assistants and/or physician assistants, with the requisite knowledge, education, training, experience, expertise and/or specialties normally provided by a full service hospital that holds itself out to the public to provide complete medical services;

(b)    fail to advise Plaintiffs that it lacked the physicians, nurses, nursing assistants and/or physician assistants, with the requisite knowledge, education, training, experience, expertise and/or specialties to address all medical issues including the one Plaintiffs' Decedent, DIANE RAYMOND, presented on this date; and

(c)    represent to the public in general, and to Plaintiffs in particular, that it employed the physicians, nurses, nursing assistants and/or physician assistants, with the requisite knowledge, education, training, experience, expertise and/or specialties to address all medical situations including the one Plaintiffs' Decedent, DIANE RAYMOND, presented on this date.

191.    As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs' Decedent, DIANE RAYMOND, was caused to suffer physical injuries which directly resulted in her death.

192.    As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs have been obliged to expend various and diverse sums of money for medicine and medical treatment in an effort to cure the above injuries of Plaintiffs' Decedent, DIANE RAYMOND, all to their great loss and detriment.

193.   As a direct, proximate and legally substantial result of the above-described occurrence, and injuries sustained thereby, Plaintiffs' Decedent, DIANE RAYMOND, has suffered physical pain, mental anguish, depression, fear, anxiety, humiliation, and embarrassment which ultimately lead to her death, all to her great loss and detriment.

194.   As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs' Decedent, DIANE RAYMOND, has been unable to engage in her customary domestic, social and recreational activities and in life's other pleasures as a result of her death, all to her great loss and detriment.

195.   The aforesaid acts of negligence, carelessness, commissions, omissions, acts and/or failures to act created a risk of harm, and ultimately death, to Plaintiffs' Decedent, DIANE RAYMOND.

196.   As a direct, proximate and legally substantial result of the above-described occurrence, a cause of action lies in favor of Plaintiffs for compensatory damages, past medical expenses, loss of future earning capacity, expenses of Plaintiffs' Decedent, Diane Raymond's, funeral, and costs associated with administering Decedent's estate pursuant to 42 Pa.C.S. §8301, *et. seq.* and controlling law.

WHEREFORE, Plaintiff, ESTATE of DIANE HELEN RAYMOND by the EXECUTOR JOHN T. RAYMOND, respectfully requests that:

(a)   This Court award Plaintiffs compensatory damages in an amount to be proved at trial;

(b)   This Court award Plaintiffs reasonable attorney's fees and costs of suit; and

(c)   This Court award such other and further relief as this Court deems just and equitable.

**COUNT TWENTY**

**(HUSBAND v. LVH)**
**(SURVIVAL ACTION/VICARIOUS LIABILITY/RESPONDENT SUPERIOR)**

197.     Plaintiffs, ESTATE of DIANE HELEN RAYMOND by the EXECUTOR JOHN T. RAYMOND and JOHN T. RAYMOND, Individually, incorporate by reference paragraphs one through one hundred and ninety-six above as though fully set forth at length herein.

198.     On March 8, 2018, Plaintiffs looked to Defendant, LVH, for medical care and treatment which Plaintiffs' Decedent, DIANE RAYMOND, required, without regard to and without request for, a specific physician, nurse, nursing assistant and/or physician assistant or a specific medical discipline to care for her, but rather relied upon the expertise of Defendant, LVH, to render care to Plaintiffs' Decedent, DIANE RAYMOND, and to choose the appropriate physicians, nurses, nursing assistants and physician assistants to render care to her given the condition which she presented on this date.

199.     The aforesaid injuries and damages more fully set forth herein were caused by the negligence, carelessness, commissions, omissions, acts and/or failures to act of Defendant, LVH, in that it, acting individually and/or by and through its agents, servants, and/or employees, who were acting within the course and scope of their employment, or through independent contractors, *inter alia*, did:

> (a)     fail to provide to Plaintiffs' Decedent, DIANE RAYMOND, with the physicians, nurses, nursing assistants and/or physician assistants, with the requisite knowledge, education, training, experience, expertise and/or specialties normally provided by a full service hospital that holds itself out to the public to provide complete medical services;
>
> (b)     fail to advise Plaintiffs that it lacked the physicians, nurses, nursing assistants and/or physician assistants, with the requisite knowledge, education, training, experience, expertise and/or specialties to address all medical issues including

71

the one Plaintiffs' Decedent, DIANE RAYMOND, presented on this date; and

(c)    represent to the public in general, and to Plaintiffs in particular, that it employed the physicians, nurses, nursing assistants and/or physician assistants, with the requisite knowledge, education, training, experience, expertise and/or specialties to address all medical situations including the one Plaintiffs' Decedent, DIANE RAYMOND, presented on this date.

200.    As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs' Decedent, DIANE RAYMOND, was caused to suffer physical injuries which directly resulted in her death.

201.    As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs have been obliged to expend various and diverse sums of money for medicine and medical treatment in an effort to cure the above injuries of Plaintiffs' Decedent, DIANE RAYMOND, all to their great loss and detriment.

202.    As a direct, proximate and legally substantial result of the above-described occurrence, and injuries sustained thereby, Plaintiffs' Decedent, DIANE RAYMOND, has suffered physical pain, mental anguish, depression, fear, anxiety, humiliation, and embarrassment which ultimately lead to her death, all to her great loss and detriment.

203.    As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiffs' Decedent, DIANE RAYMOND, has been unable to engage in her customary domestic, social and recreational activities and in life's other pleasures as a result of her death, all to her great loss and detriment.

204.    The aforesaid acts of negligence, carelessness, commissions, omissions, acts and/or failures to act created a risk of harm, and ultimately death, to Plaintiffs' Decedent, DIANE RAYMOND.

205.   As a direct, proximate and legally substantial result of the above-described occurrence, a cause of action lies in favor of Plaintiffs for compensatory damages, past medical expenses, loss of future earning capacity, expenses of Plaintiffs' Decedent, Diane Raymond's, funeral, and costs associated with administering Decedent's estate pursuant to 42 Pa.C.S. §8301, *et. seq.* and controlling law.

WHEREFORE, Plaintiff, ESTATE of DIANE HELEN RAYMOND by the EXECUTOR JOHN T. RAYMOND, respectfully requests that:

(a)   This Court award Plaintiffs compensatory damages in an amount to be proved at trial;

(b)   This Court award Plaintiffs reasonable attorney's fees and costs of suit; and

(c)   This Court award such other and further relief as this Court deems just and equitable.

### COUNT TWENTY-ONE

### (LOSS OF CONSORTIUM)

206.   Plaintiffs, ESTATE of DIANE HELEN RAYMOND by the EXECUTOR JOHN T. RAYMOND and JOHN T. RAYMOND, Individually, incorporate by reference paragraphs one through two hundred and five above as though fully set forth at length herein.

207.   Plaintiff, JOHN T. RAYMOND, was lawfully married to Plaintiffs' Decedent, DIANE RAYMOND, from September 8, 1962, until her death.

208.   As a direct and proximate result of the above-described occurrence Plaintiff, JOHN T. RAYMOND, has been denied the services and consortium of his wife, DIANE RAYMOND, from the time of the occurrence set forth herein up until the date of her death, all of which has been to his great financial loss.

WHEREFORE, Plaintiff, ESTATE of DIANE HELEN RAYMOND by the EXECUTOR JOHN T. RAYMOND, respectfully requests that:

(a)   This Court award Plaintiffs' Decedent's Estate compensatory damages in an amount to be proved at trial;

(b)     This Court award Plaintiffs' Decedent's Estate reasonable attorney's fees and costs of

suit; and

(c)     This Court award such other and further relief as this Court deems just and equitable.

### JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

**WINEGAR, WILHELM, GLYNN & ROEMERSMA, P.C.**

**SCOTT M. WILHELM, ESQ.**
305 Roseberry Street
P.O. Box 800
Phillipsburg, New Jersey 08865
Telephone: (908)454-3200
Facsimile: (908)454-3322
wilhelms@wwgrlaw.com
Attorneys for Plaintiffs

Dated: February 20, 2020

**VERIFICATION**

The undersigned, having read the attached pleading, verifies that the within pleading is based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. The language of the pleading is that of counsel and not of signer. Signer verifies that he/she has read the within pleading and that it is true and correct to the best of signer's knowledge, information and belief. To the extent that the contents of the pleadings are that of counsel, verifier has relied upon counsel in taking this Verification. This Verification is made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

JOHN T. RAYMOND, Individually and as Executor of Estate of Diane Raymond

Dated: February 20, 2020